535 A.2d 1259

Mrs. Smith's Frozen Food Company, Petitioner *v.* Workmen's Compensation Appeal Board (Gladfelter), Respondents.

Argued November 17, 1987, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert O. Beers, Ports, Beers & Feldmann,* for petitioner.

*John M. Sofilka, Law Offices of Dale E. Anstine, P.C.,* for respondent.

OPINION BY SENIOR JUDGE BARBIERI, January 22, 1988:

Mrs. Smith's Frozen Food Company, Employer-Petitioner, appeals here an order of the Pennsylvania Workmen's Compensation Appeal Board (Board) which reversed a referee's decision on Employer's Modification

Petition granting to Employer a reduction from total to partial disability. The Board's order reinstated total disability benefits to the Claimant, Waldo Gladfelter.

Claimant, Waldo Gladfelter, employed by Employer as a pie baking worker, suffered an injury on March 10, 1980, for which compensation was voluntarily paid under a Notice of Compensation Payable. On Employer's Modification Petition, hearings were held at which the testimony of Claimant and that of a Vocational Consultant, Harold V. Culman, were taken; in addition, there was included in the record the testimony of Kenneth Ross as to a proposed job opportunity, and a deposition of Claimant's attending physician, John J. Danyo, M. D., called by Employer. There was no other medical or lay testimony adduced.

The referee's findings include the following:

13. Mr. Kulman [sic] found several jobs for Claimant within his capabilities, jobs approved by Dr. Danyo, but ignored by the Claimant and his attorney.

14. One of the jobs was working for Mackee [sic] Vending Company, a job Dr. Danyo approved, and one which was a 30 hour week at $4.00 per hour from 10:00 a.m. to 4:00 p.m., Monday through Friday, Claimant did not apply for this job.

As will appear, these findings cannot be sustained as factual support for the referee's decision.

Claimant remains seriously disabled. The uncontradicted testimony of Dr. Danyo contains the following:

Q. What physical limitations did you find from your examination?

A. I told him to do whatever activities he can do. I previously commented on the status referrable [sic] to physical activities. In other words, he was not totally disabled from all vocations, but he was unable to do his previous job as a baker at Smith Bakery.

The examination on which Dr. Danyo's opinion was based took place on December 27, 1983 and his views on job offers suggested by Employer were expounded in his testimony taken by deposition on March 23, 1984.

Three job offers are mentioned in the testimony and noted by the referee and Board: two stated by Mr. Culman to be available in the Spring of 1983, White Glove Car Wash as of April 20, 1983 and Macke Vending Company as of April 25, 1983. The third, obviously one that Claimant could not perform, was contained in the testimony of Kenneth Ross, at one time personnel manager for the proposed employer, Burndy Corporation. This witness testifying from hearsay descriptions, (source unknown, supposedly as to Claimant's job limitations,) described a job available with his company at the minimum hourly wage, which would require three days of twelve hour shifts and one six-hour day. Dr. Danyo, called by Employer as previously noted, flatly rejected the thought that Claimant could engage in such employment and testified that "the 12 hours would be too much,"[1] suggesting that Claimant could attempt limited employment where the hours would be from 3 to 8 per day. No such available employment opportunity was presented to Dr. Danyo for his approval.[2]

On appeal the following appears in the opinion of the Board:

The jobs testified to by Mr. Culman were:

---

[1] Employer argues that perhaps an adjustment in the hours could have been worked out with the Burndy Corporation. We have no hesitancy in concluding that such a supposition, unsupported, hardly satisfies the requirement that proposed suitable employment be "available" to the Claimant.

[2] It is true that certain other job opportunities mentioned by Mr. Culman, including the first two previously noted, were presented to Dr. Danyo, but, as will appear hereafter, these jobs were allegedly available on dates long prior to Dr. Danyo's consideration.

(1) gas station attendant at White Glove Car Wash; available 4/20/83; approved by Dr. Danyo 3/23/84.

(2) vending attendant at Mackee [sic] Vending Company; available 4/25/83; approved by Dr. Danyo 3/23/84.

(3) bench assembler at Burndy Corporation; available 12/14/83; reviewed by Dr. Danyo 3/23/84; not approved due to length of work day (12 hours).

The Referee based his Modification on the job with Mackee [sic] Vending Company. We conclude that the Referee erred in making this finding and conclusion as this job was available in April 1983 but not approved by Dr. Danyo until March 1984. The 'remoteness in time' falls well short of the holding in Kachinski[3] which stated that 'A suggested position of employment must be available *when* the Claimant is found to be able to perform it.' That criterion has not been met in this case and therefore we must Reverse the Referee's Decision in the case and order total disability benefits reinstated as of the effective date of the Referee's Modification award.

We must agree with the Board, particularly in light of the decision of our Supreme Court in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, Pa. , A.2d (No. 59 E.D. Appeal Dkt. 1986, filed October 15, 1987), affirming with some disagreements this Court's decision at 91 Pa. Commonwealth Ct. 543, 498 A.2d 36 (1985). In writing for the majority, Mr. Justice MCDERMOTT first agreed

---

[3] The reference here is to this Court's decision in *Kachinski,* affirmed by the Supreme Court. The Supreme Court's version of *Kachinski,* discussed hereafter in this opinion, supports the Board's reliance thereon.

with the view of the Commonwealth Court "that a requirement of actual availability of work is consistent with the remedial purpose of the Workmen's Compensation Act, and with the decisions of this Court. . . ." While ruling that the definition of "actually available" employment spelled out by the Commonwealth Court was "hypertechnical," the Supreme Court provided guidelines for such determination, as follows:

1.   The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2.   The employer must then produce evidence of a referrel (or referrals) to a *then open* job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc. (Emphasis added.)

3.   The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4.   If the referral fails to result in a job then claimant's benefits should continue.

As noted in our resume of the controlling facts and circumstances in this case, under the Supreme Court's guidelines, the Board's determination is appropriate and free from error. Thus, as for the Supreme Court's item No. 1, Employer adduced no medical testimony of any change in condition. Assuming, however, that the medical testimony adduced, that of Dr. Danyo, establishes some capacity for employment, Employer's burden of proof falls short with regard to others of the guidelines. Thus, as for the second guideline, Employer does not establish any *"then open job* (or jobs), which fits in the occupational category for which the *claimant has been given medical clearance. . . ."* (Emphasis added.) As previously indicated, the only medical clearance in the case was through an examination by Dr. Danyo on De-

cember 27, 1983, with his deposition concerning that examination on March 23, 1984.[4] There is no evidence whatsoever that as of the latter date, or as of December 27, 1983, any of the suggested job opportunities, particularly those available in April of 1983, would still be open, or "available." Finally, since requirements of Nos. 1 and 2 were not met, we find no obligation arising for the Claimant to demonstrate any activity with regard to No. 3, so that *Kachinski*, item No. 4, as held by the Board, would be the ultimate conclusion that "claimant's benefits should continue."

We note also other support for the Board's determination in the *Kachinski* opinion where Mr. Justice McDermott made the following statement:

> Turning to the facts of this case, the employer presented evidence of eleven positions which were purportedly available to the claimant. Of these, three jobs were listed as being available in 1981 which was almost two years prior to the employer's medical evidence that claimant was fit to return to work. Therefore these jobs are excluded.

For the reasons stated, we will affirm.

## ORDER

Now, January 22, 1988, the order of the Workmen's Compensation Appeal Board, as of No. A-90399, dated October 3, 1986, is hereby affirmed.

---

[4] Employer's petition seeks modification as of April 20, 1983, and its vocational witness, Culman, admitted that his view of Claimant's medical condition was based on information as of June 14, 1982, and that he could not comment on Claimant's job capacity without current medical information. 70a-71a. He testified:

> A. No, I was not. If you were going to say, can he work based upon what he said today, I would say no, he can't work because he lacks the strength, he has a numbness, he has to bath himself, and so forth, from all that, but I *didn't have any medical information.* (Emphasis added.)