Barnes and Tucker Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Enrico Moro, Respondents.

Argued November 2, 1978, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Robert G. Rose,* with him *Spence, Custer, Saylor, Wolfe & Rose,* for petitioner.

*Blair V. Pawlowski,* with him *Gerard Long,* for respondent.

OPINION BY JUDGE WILKINSON, JR., December 8, 1978:

This case comes before us on appeal from a decision of the Workmen's Compensation Appeal Board (Board) affirming the referee's determination that the effective date for modification of respondent's (hereinafter claimant) disability compensation is the date on which the petition to modify the disability is presented rather than the date on which such change is shown by the proofs to have occurred. We reverse.

The underlying facts are not disputed. On February 28, 1975, claimant sustained a crush injury of his right hand resulting in an award for total disability as of March 1, 1975. As a result of rehabilitative treatment, claimant's doctor determined that as of February 17, 1976, claimant's disability had decreased to 50

percent partial disability. On January 10, 1977, petitioner filed a modification petition based upon the report of claimant's physician. Although the referee found claimant's disability to have changed to one of 50 percent partial disability on February 17, 1976, he concluded that claimant's disability compensation should be modified to reflect the change as of January 10, 1977, the filing date of petitioner's modification petition.

The lone narrow issue presented in this case is one of law concerning the effective date for modifying disability compensation pursuant to the second paragraph of Section 413(a) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772, which reads in pertinent part:

> A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed. . . .

The problem presented by the statutory language set out above is the date the statute intended modification to be effective. Respondent argues that since it

is not clear from the language of the statute itself we should adopt a liberal interpretation and hold as did the referee and Board that the proper date for modifying disability compensation is that on which the propriety of such modification is alleged in a workmen's compensation proceeding, not the date on which the evidence shows claimant's condition had changed. Such a construction, however, is precluded by *Kilgore v. State Workmen's Insurance Fund,* 127 Pa. Superior Ct. 213, 193 A. 294 (1937). Although faced with a claimant whose disability had increased we believe President Judge KELLER's language in *Kilgore, supra,* equally applicable to the present situation; the statutory language at issue may not be allowed two polar interpretations depending on the nature of the change in claimant's condition.

> [I]t has been the practice, when an agreement of compensation has been modified because of an increase of disability, to make the increase effective from the date that the increase of disability began, as shown by the proofs submitted at the hearing. . . . This is in consonance with the express language of the statute. . . . It does not mean that the modification is to be effective only from the date when proof is produced of the increase of disability, but rather, from the date of the increase of disability, as shown by the proofs produced.

*Kilgore, supra* at 224, 193 A. at 298.

Accordingly, we will enter the following

### ORDER

AND Now, December 8, 1978, the order of the Workmen's Compensation Appeal Board at No. A-73710 dated December 24, 1977, dismissing petitioner's appeal from the referee's award of compensation to

claimant is hereby reversed, consistent with this opinion, and it is ordered that judgment be entered in favor of the claimant, Enrico Moro, and against the petitioner, Barnes and Tucker Co., self insured, in the sum of $133.33 per week beginning on February 17, 1976, and with credit to petitioner for over-payments of compensation made from February 17, 1976 to the present time, all in accordance with the provisions of The Pennsylvania Workmen's Compensation Act.