578 A.2d 1020

**KOOLVENT ALUMINUM PRODUCTS, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ALLMAN), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 6, 1990.

Decided Aug. 22, 1990.

Joseph A. Fricker, Jr., for petitioner.

No appearance for respondents.

Before CRUMLISH, Jr., President Judge,
PELLEGRINI, J., and SILVESTRI, Senior Judge.

OPINION

CRUMLISH, Jr., President Judge.

Koolvent Aluminum Inc., appeals a Workmen's Compensation Appeal Board (Board) order upholding a referee's decision and denying its petition to terminate benefits to David Allman. Section 413 of The Pennsylvania Workmen's Compensation Act.[1] We vacate and remand.

Allman, a production worker, injured his back while lifting a seventy-pound window frame and received total disability benefits. Koolvent filed a termination/suspension[2] petition five months later alleging Allman had recovered to his pre-injury condition. After an additional eight months, Koolvent filed a modification[3] petition alleging that Allman's disability had abated and he had returned to work with another employer.

The referee consolidated the two petitions and found that Allman "had not recovered from his [initial] injury," Finding of Fact No. 12, Referee's Decision, 2/16/88, concluding that Koolvent had failed to sustain its burden of proof for both termination petitions. Koolvent does not challenge this conclusion on appeal.

However, on the question of whether a modification was warranted, the referee also found that Allman had made a "good faith effort to obtain other employment and ... [Koolvent] failed to show there was a job available within the claimant's restrictions...." Referee's Finding of Fact No. 13, 2/16/88. The Board affirmed on different grounds, reasoning that, because there were no findings indicating a change in Allman's medical condition, it was unnecessary

1. Act of June 2, 1915, P.L.736, as amended, 77 P.S. § 772.
2. On Koolvent's November 9, 1984 Section 413 form petition, the boxes marked Termination and Suspension were checked.
3. On Koolvent's May 29, 1985 form petition, boxes were checked for Termination, Modification and Suspension.

under *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), to determine whether Allman had made a good faith effort.

Koolvent argues that substantial evidence in the form of testimony from Allman's treating physician disclosed that Allman was able to perform jobs within certain restrictions. Thus, it maintains, the Board erred in denying the modification petition because Allman was no longer totally disabled.

■ In *Kachinski*, our Supreme Court held that an employer seeking to modify a claimant's benefits on the basis that he has recovered some or all of his ability has the burden of producing "medical evidence of a change in condition." *Id.*, 516 Pa. at 252, 532 A.2d at 380. The employer must then produce a referral to an open job or jobs that fits the occupational category for which the claimant has been given medical clearance. Once the employer has provided referrals for these jobs, the claimant's failure to demonstrate that he has made a good faith effort to follow through is justification for modifying benefits. *Id.*

Here, the referee permissibly credited the testimony of Allman's treating physician and found that he had not recovered from his injury. The Board then relied on this finding to reach the legal conclusion that Koolvent had not met its threshold burden.

■ The referee's findings and the Board's conclusion are problematical, however, because *Kachinski* does not, in our opinion, require the employer to show a change in medical condition in every case. The employer's initial burden to "produce medical evidence of a change in condition" is satisfied when the employer produces consistent and substantial medical evidence that a claimant's *disability* has abated and that work is available that the claimant is capable of doing. In *Kachinski*, our Supreme Court instructs that disability should be measured as the total or partial *loss of earning power* resulting from an injury. Mindful of this guideline, this Court has required employers

to prove that claimant's loss of earning power has abated when seeking to modify benefits. *Four–Way Construction Co. v. Workmen's Compensation Appeal Board (Snyder)* 113 Pa.Commonwealth Ct. 235, 536 A.2d 873 (1988). Thus, we have held that proof of a change in medical condition is not required when job availability is the basis for seeking decrease in benefits. *Lukens, Inc. v. Workmen's Compensation Appeal Board (Williams)*, 130 Pa. Commonwealth Ct. 479, 568 A.2d 981 (1989). Here, Allman's treating physician testified that Allman was able to perform jobs that did not involve frequent bending or lifting of greater than ten to fifteen pounds. The referee found this testimony competent and credible.

Turning to the second and third *Kachinski* guidelines, the referee found that Koolvent referred Allman to seven available jobs for which the claimant had been given medical clearance, either by Allman's physician and/or the company's doctor. Finding of Fact No. 9, 2/16/88. Of these seven jobs, the referee found that one exceeded the restrictions set by Allman's physician. Referee's Finding of Fact No. 9(f), 2/16/88. Of the remaining six positions, the referee found that Allman did apply for three, was rejected from two and did not, for one reason or another, apply for the remaining three. The *Kachinski* Court stated that employees must make a good faith effort to return to the work force and "their benefits can be modified for failure to follow up on referrals.... If an employee refuses a valid job offer his benefits can ... be modified if it is found he had no basis upon which to do so." *Id.* 516 Pa. at 252, 532 A.2d at 380.

Thus, we are faced in this case with the inconsistent findings that Allman was medically cleared for the jobs to which Koolvent referred him, but that Koolvent failed to show that there was a job available within his restrictions. Moreover, although the referee found in the same finding that Allman made a good faith effort to obtain "other" employment, there was no finding on whether "waiting to hear from another employer," Finding of Fact No. 9(a), and

being "out of town for a few days" because, in the case of one job, he was "involved in a fight," Finding of Fact No. 9(b), constituted a reasonable basis for failure to follow up on three of the job referrals within Allman's capacity. We do not believe these reasons necessarily preclude following up in some way on job referrals.

Consequently, we are constrained to remand this matter for specific findings on whether the three outstanding jobs to which Allman was referred were within his lifting and bending requirements[4] and, if so, whether Allman in good faith pursued these jobs.

## ORDER

The order of the Workmen's Compensation Appeal Board, No. A–95660, dated April 18, 1989, is vacated, and this case is remanded for findings as to whether the jobs listed in Finding of Fact No. 9(a), (b) and (d) of the Referee's Decision, dated February 16, 1988, in the above-captioned matter were within the claimant's physical capabilities at the time he was referred to them; and whether claimant in good faith followed up these referrals.

Jurisdiction relinquished.

---

4. Under *Kachinski,* an employer must produce medical evidence describing the claimant's capabilities and vocational evidence classifying the job. From this evidence, the referee must find as a fact that the employee can perform the job(s) in question.