601 A.2d 934

**ROGERS MOTOR LINES, INC., and Greater New York Mutual Insurance Company, Insurance carrier, Petitioners,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (Kenneth E. BAKER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 11, 1991.

Decided Jan. 6, 1992.

Gary M. Scoulos, for petitioners.

Leslie J. Mlakar, for respondent.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

Rogers Motor Lines, Inc. (Employer) has appealed from an order of the Workmen's Compensation Appeal Board (Board) affirming a decision of a referee which dismissed Employer's termination petition and effectively reinstated payment of partial disability benefits to claimant, Kenneth E. Baker.

Baker was injured in a truck accident on January 2, 1986. He was paid compensation at the rate of $347.00 per week from January 3, 1986, until July 25, 1988, when a supersedeas was granted. On March 9, 1987, Employer filed a petition for modification in order to reduce the benefits to partial disability alleging that there was work available which Baker could perform. Consequently, Baker took a job as a counter person at NAPA Auto Parts and worked from November 9, 1987 to November 20, 1987. On November 20, 1987, Baker quit due to a dispute over time off. Choosing to leave his job had no effect on Baker's benefits, however, because the job paid so little compared to his time-of-injury job that his earnings at NAPA were not sufficient to affect his rate of compensation. While working for those ten days, Baker was in the posture of being partially

disabled but was receiving the equivalent of his total compensation benefits ($347.00 per week). The impact of the fact that Employer made this job available to Baker and of the job still being available after he voluntarily left it, was to change Baker's *status* from totally disabled to partially disabled. The term "partially disabled" used in this context refers to economic loss and in Baker's particular case referred only to the fact that since his "disability" was now partial, compensation payments were limited to 500 weeks.

Mention of the March 9, 1987, petition for modification and the decision regarding it, dated September 16, 1988, is necessary to this opinion only in that it elucidates the posture of Baker when Employer brought the termination petition, the outcome of which is now appealed to this Court. Thus, we make it clear that due to a previous hearing and decision of the referee, Baker, at the time the termination was sought, was partially disabled.

In the petition upon which this appeal is based Employer alleged that Baker had fully recovered from his work-related disability and that his benefits should be terminated.[1] Employer presented the testimony of Dr. Frank J. Flit and Referee Ada Guyton found the following concerning this doctor's testimony:

EIGHTH: Based on the testimony of Dr. Flit, this Referee finds that the claimant is able to return to his pre-injury job without restrictions....

NINTH: The employer submitted no evidence to establish that the claimant's pre-injury job was available to him.

The referee then states in conclusion of law named SECOND that:

The defendant has failed to sustain its burden of proof for a *suspension* and that it failed to establish that the claimant's pre-injury job was available to him. (Emphasis added.)

1. Employer also petitioned for a review of medical expenses alleging that further physical therapy was unnecessary and the referee granted Employer's petition. This, however, is not an issue on appeal.

And, in conclusion of law named THIRD she determined that:

The defendant has failed to sustain its burden of proof for a termination because it has not shown that the claimant's problems were not caused by or aggravated by the January 2, 1986, injury.[2]

Employer asserts on appeal here that the referee placed the wrong burden of proof on it and reached the wrong legal conclusion with respect to its termination petition. Specifically, Employer contends that it sought a termination petition and the referee and Board erred in instead imposing on it the burden of proof attendant to a suspension or modification petition. It further asserts that the referee, having found that Baker was able to return to his pre-injury job without restrictions, should have granted a termination. The two issues are interrelated; however, this case is better understood if we consider the second issue first.

As previously noted this is a termination petition and the grant of such a petition may be based only upon a finding, supported by substantial evidence, that the claimant's disability has entirely *ceased. Brown v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 134 Pa.Commonwealth Ct. 31, 578 A.2d 69 (1990). The referee did not find, however, that Baker's disability had ceased. In fact, even Employer's doctor acknowledged that Baker had continuing pain. What the referee did find was that Baker could return to his pre-injury job (despite his pain). Employer argues that because Baker could return to his pre-injury job a termination should have been granted. We do not agree.

In *Zimcosky v. Workmen's Compensation Appeal Board (U.S. Steel Corp.)*, 118 Pa.Commonwealth Ct. 209, 544 A.2d 1106 (1988), the claimant suffered a work-related injury but was not immediately placed on compensation. A month later all the employees in the claimant's department

---

2. The referee also made certain findings on causation and aggravation which are irrelevant to a termination petition.

were placed on lay-off status. At that time Zimcosky began receiving workmen's compensation benefits. A few months later the employer's plant physician released Zimcosky to return to work at his pre-injury job. However, because his department had been shut down, that job was no longer available. The employer then filed a petition to suspend benefits which was granted. The Board affirmed and Zimcosky appealed to this Court. We reversed holding that the employer had not shown job availability, a necessary element in order for it to obtain a suspension of benefits. *See, e.g., Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).

In *Zimcosky* the employer specifically argued that job availability was not an issue because the claimant had been released to return to his pre-injury job. We disagreed holding that where a suspension is sought, and the claimant has a continuing *medical* disability and therefore a temporary or permanent partial disability, the employer must demonstrate job availability and such burden is not met when the pre-injury job has been eliminated.

This case is similar to *Zimcosky* in that the referee found that Baker could return to his time-of-injury job. It is also similar in that the referee did not find that Baker had medically recovered from his disability. It is dissimilar, however, in that Employer here seeks to *terminate*, not suspend benefits, the former being a more draconian request from a claimant's standpoint. In *Zimcosky* the employer ultimately lost because it failed to demonstrate job availability justifying a suspension in a case where the claimant's medical disability continued. In this case then, Employer must certainly lose on its termination petition, which seeks greater relief than the employer sought in *Zimcosky*, because Employer here, as in *Zimcosky*, has failed to prove that Baker's disability has ceased. As we have previously observed, a termination of benefits may not be based on the mere finding that a claimant can return to his pre-injury job when, as here, there is evidence found

credible by the referee that the claimant's medical disability continues. *Buckley v. Workmen's Compensation Appeal Board (Corbo's AM PM Mini Market)*, 109 Pa.Commonwealth Ct. 64, 530 A.2d 530 (1987) (suspension case).

■ The referee, having found that Employer could not prevail upon its termination petition, then went on to consider whether a suspension would be warranted. Such an action was entirely proper and in fact this Court in *Brown* reversed the entry of a termination and sua sponte entered an order suspending the claimant's benefits. The referee, however, concluded that while Baker was cleared to return to his time-of-injury job there was no evidence that that job remained available. Nor was there any other evidence submitted by Employer that any job within Baker's medical limitations was available to him. She thus properly ruled that the lesser relief of a suspension was also not available to Employer. Inasmuch as Employer does not even suggest that it demonstrated job availability, clearly Referee Guyton's determination that no relief in the form of a suspension was warranted was proper. Accordingly, having found that Employer is not entitled to either a termination or a suspension as a matter of law, we affirm the Board's order.

This decision was reached and opinion adopted before the conclusion of Judge BYER's service.

### ORDER

NOW, January 6, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.