618 A.2d 1224

**ROADWAY EXPRESS, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ALLEN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 30, 1992.

Decided Dec. 22, 1992.

Michael I. Levin and Michael W. Jones, for petitioner.

No appearance for respondent.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Roadway Express, Inc. (Employer) appeals from the Workmen's Compensation Appeal Board (Board) order affirming the Referee's decision modifying benefits for Gerald Allen (Claimant), holding that he was partially disabled beginning on September 27, 1987, because he did not follow through on job referrals in good faith. The Employer contends that disability benefits should be modified as of the date of the first job referral for which Claimant did not follow through in good faith, even though the first referral was four years before the filing of the Petition to Modify Benefits.[1]

Claimant was a dock worker for Employer on January 19, 1983, when he suffered a work-related injury to his low back. From the time of his injury, Claimant was treated by Robert Baran, D.O., his family physician for his back problems. At Employer's request, Claimant was also examined by Sanford Sternlieb, M.D., an orthopedic surgeon, on September 18, 1984, January 20, 1986, and April 13, 1987.

In March, 1988, Employer filed a Petition to Modify Compensation Benefits,[2] requesting a reduction in status from total disability to partial disability. Employer alleged that jobs for which medical clearance had been obtained were made available to Claimant. At the hearing, Employer presented evidence that from November 1984 to March 1988, sixteen jobs classified as light-duty work were referred to Claimant. By deposition, Dr. Baran and Dr. Sternlieb both testified that Claimant's disability had improved so that as of September

---

1. Claimant did not appeal the Referee's modification order. Additionally, because respondents failed to file a timely brief, respondents were precluded from filing a brief in this appeal by Order of this Court dated October 19, 1992.

2. A referee may modify benefits pursuant to Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772.

1984, he was capable of performing light-duty work. (R.R. 5a, 48a). Both doctors also testified that all of the jobs which Employer had referred for Claimant were within his physical capabilities. Claimant did not offer any medical evidence to the contrary, but he testified that he disagreed that the jobs referred to him were within his physical capabilities.[3]

The Referee reduced Claimant to partial disability, with no change in the rate of benefits effective September 27, 1987, holding that Claimant did not apply in good faith for positions made actually available to him. The Referee made the following finding of fact concerning the effective date of the modification:

11. Dr. Sternlieb's most recent examination was in April of 1987, and the defendant's petition was filed on March 8, 1988. Therefore, the eleven positions that were available during the period November 20, 1984, through March 10, 1987, are too far removed in time to be probative and relevant to the within petition; and I will only consider the positions that were available beginning September 18, 1987, for purposes of ascertaining whether the defendant met their burden of proof....

(Referee's decision 10/28/89).

Employer appealed the decision of the Referee to the Board because the Referee refused to consider the first job referrals made available to Claimant, beginning in November 1984, which it contends Claimant failed to pursue in good faith. The Board affirmed the Referee's decision.[4] Employer then filed this appeal.[5]

3. Claimant did not raise to the Referee any issue concerning the timeliness of the job referrals or the Petition for Modification.

4. The Board held that the refusal to consider early job referrals was based on the rejection of testimony that Claimant was able to do light-duty work at that time. The Board's conclusion is in conflict with the Referee's Finding of Fact No. 6, accepting without restriction the testimony of both doctors who stated that Claimant could do light-duty work as of September 1984, and Finding of Fact No. 10 that all of the job referrals were within Claimant's physical capabilities.

5. This court should affirm a Board's decision unless it determines there was a violation of constitutional rights, the decision was not in accordance with law, or any necessary finding of fact was not supported by

■ Employer contends that the Referee erred in refusing to consider any of the jobs that were referred to Claimant prior to September 1987 due to the passage of time, because there is no basis in the law for a statute of limitations on the filing of petitions to modify benefits. The Employer argues that Claimant's status should be modified to partial disability effective on the date of the first job referral for which Claimant did not follow through in good faith.

In *Barnes and Tucker Company v. Workmen's Compensation Appeal Board,* 39 Pa.Commonwealth Ct. 123, 126, 394 A.2d 1052, 1053 (1978), we held that a modification was effective from the date of the change in disability as shown by the proofs produced and not from the date the modification petition is filed. Similarly, in *Associated Plumbing & Heating v. Workmen's Compensation Appeal Board,* 126 Pa.Commonwealth Ct. 618, 626, 560 A.2d 865, 869 (1989), where a claimant had been notified of job referrals within his medical capabilities but had not applied for several of the positions, we held that the modification of benefits must be effective as of the date the first job he did not apply for was available.

■ Where a claimant has not pursued job referrals in good faith, a modification is effective on the date the first job referral, which fits into the category for which claimant has been given medical clearance, is available. *Associated Plumbing; Barnes.* Neither case set a time limit on the filing of a petition in relation to the time of job referrals. Moreover, there is no time limitation on the filing of modification petitions for partial disability in the Workmen's Compensation Act.

■ As in other situations where no time limitation is applicable, the doctrine of laches is available in administrative proceedings as an affirmative defense. *Weinberg v. State Board of Examiners,* 509 Pa. 143, 501 A.2d 239 (1985). The doctrine of laches is invoked not when a definite time period has elapsed, but when the complaining party fails to exercise

substantial evidence. *Administrative Agency Law,* 2 Pa.C.S. § 704; *Pieper v. Ametek–Thermox Instruments Division,* 526 Pa. 25, 584 A.2d 301 (1990).

due diligence in instituting an action. *Shah v. State Board of Medicine*, 139 Pa.Commonwealth Ct. 94, 589 A.2d 783 (1991), *petition for allowance of appeal denied*, 600 A.2d 197 (1991). While the failure to exercise due diligence in instituting an action is an element of laches, the other factor that must be established is prejudice to the defending party. *Shah.*

■ In respect to modification petitions, the doctrine of laches would be applicable in those situations where an employer delays the filing of a modification petition from the time it knew or should have known that the claimant was not pursuing the job referrals in good faith and that delay results in prejudice to the claimant. Because of the difficulty in preparing a defense on the basis of stale job referrals and the adverse affect on a claimant's income if compensation must be recouped based on the modification, a delay may result in prejudice to the claimant. In this case, Claimant did not raise the affirmative defense of laches or allege any prejudice to himself resulting from the Employer's filing of the petition four years after the first job referrals. Because it was not raised as a defense, the doctrine of laches is not available in this case.

Accordingly, the Referee erred in ignoring job referrals due to the timing of the Petition for Modification, and the Board's order affirming the decision must be vacated. However, the Referee did not make sufficient findings of fact concerning Claimant's good-faith follow through to job referrals before September 1987, so we cannot determine the effective date of the modification and we must remand for those findings. *See Koolvent Aluminum Products v. Workmen's Compensation Appeal Board (Allman)*, 134 Pa.Commonwealth Ct. 505, 578 A.2d 1020 (1990).

## ORDER

AND NOW, this 22nd day of December, 1992, the order of the Workmen's Compensation Appeal Board, No. A89–2804, dated March 18, 1992, is vacated, and this case is remanded for findings as to whether Claimant made a good-faith follow

through on the job referrals available before September 1987 as listed in the Referee's decision, Finding of Fact No. 9.

Jurisdiction relinquished.