625 A.2d 751

**John W. HARLE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (TELEGRAPH PRESS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 8, 1993.

Decided May 17, 1993.

David F. Tamanini, for petitioner.

Robert P. Reed, for respondent.

Before CRAIG, President Judge, and DOYLE and FRIEDMAN, JJ.

CRAIG, President Judge.

Claimant John W. Harle appeals from an order of the Workmen's Compensation Appeal Board, which affirmed a referee's decision granting the petition for termination of benefits brought by Telegraph Press, Inc., the employer. We reverse the decision and remand the case for a determination of the proper partial disability compensation rate.

The facts of this case, as found by the referee, are as follows. The claimant was employed as a pressman when he

suffered a work-related injury to his left thumb on October 12, 1987. The claimant received total temporary disability benefits pursuant to a notice of compensation payable.

Dr. James R. Hamsher, whom the referee found to be credible and who treated the claimant, diagnosed the claimant's condition as a laceration of the thumb flexor with a fracture of the distal phalange, and performed a primary tenourphy on the claimant's left thumb. On March 28, 1988, Dr. Hamsher released the claimant to return to light duty; he released the claimant to full duty with no restrictions on April 22, 1988. However, the record further indicates that the employer stopped conducting business in February 1988.

The referee concluded that the claimant's disability had ceased, and he granted the employer's termination petition. On appeal, the board, concluding that the substance of Dr. Hamsher's testimony indicated a cessation of the claimant's disability, affirmed the referee's decision. Accordingly, the board did not address the claimant's assertions that the referee erred in not addressing the issues of job availability and, for the purpose of awarding counsel fees to the claimant, the reasonableness of the employer's petition.

The claimant now contends that substantial evidence does not support a finding of full recovery and that the employer failed to prove a reasonable basis for filing its termination petition.

Our scope of review in this case is to determine whether constitutional rights have been violated, an error of law has occurred, or whether necessary findings of fact are supported by substantial evidence. *Monaci v. Workmen's Compensation Appeal Board (Ward Trucking)*, 116 Pa. Commonwealth Ct. 172, 541 A.2d 60 (1988). Substantial evidence is the relevant evidence that a reasonable person would accept as adequate to support the conclusion drawn. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Shinsky)*, 492 Pa. 1, 421 A.2d 1060 (1980). The referee is the ultimate finder of fact in workmen's compensation proceedings and is free to accept or reject the testimony of any witness in whole

or in part, including any expert testimony. *Sullivan v. Workmen's Compensation Appeal Board (Philadelphia Electric Co.)*, 120 Pa. Commonwealth Ct. 364, 548 A.2d 404 (1988).

The claimant argues that Dr. Hamsher's testimony does not support a finding that the claimant has fully recovered and that, without such a finding, the board's conclusion that the employer met its burden of proof for termination of benefits is an error of law. A termination petition may only be based upon a properly supported finding "that the claimant's disability has entirely *ceased.*" *Rogers Motor Line, Inc. v. Workmen's Compensation Appeal Board (Baker)*, 144 Pa. Commonwealth Ct. 493, 496, 601 A.2d 934, 935 (1992) (emphasis in original) (citation omitted). "[A] termination of benefits may not be based on the mere finding that a claimant can return to his pre-injury job when ... there is evidence found credible by the referee that the claimant's medical disability continues." *Id.* at 496–497, 601 A.2d at 936 (citation omitted).

Dr. Hamsher testified that he released the claimant to return to his pre-injury job, but that the claimant continues to have an objectively ascertainable impairment related to the October 12, 1987 work-related injury. He stated:

> However, examination at the time revealed a full range of motion in his left hand. He had full range of motion of his metacarpal phalangeal joint on the left as compared to the right.

> He had good I.P. [inter phalangeal joint] range, on the right being 0 to 60 degrees and on the left it was 25 to 45 degrees, which was the involved joint.

At Dr. Hamsher's second deposition, he reiterated and explained the previous testimony:

> He had less motion on the left side than he had on the opposite side, and lacked about what I thought was ten degrees of extension at the IP joint at that time. His thumb was actively functioning with the extension and flexion.

Q. Doctor, where is the IP joint of the hand?

A. That's the thumb joint, the one that's essentially at the base of the nail.

Q. How does this compare with the range of motion on the other hand?

A. Well, I have it specifically listed from the last time I saw him, which was the 24th of March, 1989, his right side has a range of motion of that specific joint of zero to 60, which means a full extension or out straight to 60 degrees and flexion. The left side is from 25 to degrees to 45 degrees.

. . . .

Q. Doctor, I believe you have cleared Mr. Harle to return to work without limitation.

A. That's correct.

Q. That was in your—

A. That was as of the 22nd of April, 1988.

Q. This would be—in other words, am I correct, Doctor, that even though he has a disability, he can go to work without limitation? Is that a correct statement.

A. Even though he had some—still had continuing complaints, he was allowed to return to work with no restrictions.

Q. So that if, for example, the stiffness or his—if his stiffness represents some disability, nevertheless with that disability he could go to work without limitation, is that correct?

A. That statement is correct.

Although Dr. Hamsher stated that the claimant could return to his duties as a pressman with no restriction, Dr. Hamsher's testimony significantly indicates that the claimant still suffers a residual physical impairment from the work-related injury, i.e., a reduced range of motion in the inter phalangeal joint of his left thumb.

■■■ Where a claimant can return to his pre-injury position without restriction, but he "has a continuing *medical* disability", a petition seeking termination of benefits must be

denied because the claimant has a temporary or permanent partial disability. *Rogers Motor Line,* at 497, 601 A.2d at 936 (emphasis in original). Furthermore, an employer seeking alternative relief must demonstrate job availability, which is not accomplished when the pre-injury job has been eliminated. *Id.*

■ The employer, citing *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward),* 127 Pa. Commonwealth Ct. 587, 562 A.2d 437 (1989), argues that Dr. Hamsher's testimony that the claimant can return to work without restriction is sufficient to establish full recovery, thus satisfying the burden of proof for a termination of benefits.

However, *Williams* involved the sufficiency of the evidence in a termination proceeding when the expert admitted that the claimant's purely *subjective* complaints of pain could be true even though the expert had no objective anatomical findings which supported those complaints. This court held that the expert's testimony that the claimant had fully recovered, regardless of continuing pain, was still unequivocal because objective medical findings supported the testimony.

In the present case, unlike *Williams,* the medical expert testified that the claimant continues to have an *objectively* ascertainable physical impairment related to the October 12, 1987 work injury. This testimony cannot meet the burden of proof in a termination proceeding.

The claimant further contends that the employer is not entitled to any relief because it did not present any evidence of job availability. We disagree.

■ As in the present case, when the accepted medical evidence indicates that an employee can return to his pre-injury position, but the employee continues to suffer some residual impairment, a suspension of benefits is proper because the medical disability does not manifest itself in a loss of earnings. *Hawkins v. Workmen's Compensation Appeal Board (Medical College of Pennsylvania),* 138 Pa. Commonwealth Ct. 180, 587 A.2d 387 (1991). If, however, a claimant with a residual physical impairment is released to return to his

pre-injury position and that position is no longer available, a suspension of benefits is not warranted because the employer has not proven the necessary element of job availability. *Zimcosky v. Workmen's Compensation Appeal Board (United States Steel Corp.)*, 118 Pa. Commonwealth Ct. 209, 544 A.2d 1106 (1988).

The present case involves a hybrid situation because the treating doctor released the claimant to return to his pre-injury position without restriction even though his medical impairment continues. However, although the claimant's pre-injury position is no longer available, the claimant admitted that he has been working at a lower paying position for a different employer.

 In such a case, a modification of benefits to partial disability is the appropriate remedy [1] because the claimant's admission that he is working indicates that work is available that the claimant is capable of performing—a necessary element that the employer must prove to obtain a modification of benefits. *Koolvent Aluminum Products, Inc. v. Workmen's Compensation Appeal Board (Allman)*, 134 Pa. Commonwealth Ct. 505, 578 A.2d 1020 (1990). Therefore, this case must be remanded to the board for findings necessary to compute a modified value of benefits to which the claimant is entitled.

 Finally, because the credible medical testimony specified that the claimant could return to work without physical restrictions, we conclude as a matter of law that the employer had a reasonable basis to believe that it is entitled to a termination of benefits.[2]

1. This court may issue such an order sua sponte, as it did in *Brown v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 134 Pa. Commonwealth Ct. 31, 578 A.2d 69 (1990), where the court reversed the entry of a termination and ordered a suspension of a claimant's benefits.

2. *See Carpentertown Coal & Coke Co. v. Workmen's Compensation Appeal Board (Seybert)*, —— Pa. Commonwealth Ct. ——, 623 A.2d 955 (1993), at 957 n. 2.

Accordingly, we reverse the board's decision to grant the employer's termination, and we remand this case for a modification of the claimant's benefits.

## ORDER

NOW, May 17, 1993, the order of the Workmen's Compensation Appeal Board, dated March 18, 1992 at A91–0155, is reversed to the extent that the board granted the employer's petition for termination, and the case is remanded to the board for computation of a partial disability benefits.

Jurisdiction relinquished.