**OGDEN AVIATION SERVICES,**
**Petitioner,**

v.

**WORKMEN'S COMPENSATION**
**APPEAL BOARD (HARPER),**
**Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 14, 1996.
Decided Aug. 22, 1996.

---

James F. Pearn, Jr., for Petitioner.

Leonard A. Cohen, for Respondent.

Before SMITH and FRIEDMAN, JJ., and KELTON, Senior Judge.

SMITH, Judge.

Ogden Aviation Services (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board that affirmed an order of the Workers' Compensation Judge (WCJ) who granted total disability benefits to Ann Harper (Claimant) from April 30, 1991 until July 30, 1991, when Claimant's benefits were suspended. The Board also reversed the WCJ's denial of reinstatement of partial disability benefits to Claimant from January 16, 1992 until May 1, 1992, total disability from January 1, 1993 until February 2, 1993 and partial disability benefits from February 2, 1993 into the future. The issue presented is whether the Board erred in reinstating Claimant's benefits where her loss of earnings was due to a lack of work rather than to her work injury.

Claimant worked for Employer as an aircraft cleaner. On April 30, 1991, after punching in, Claimant lost her balance on a ramp and fell. On July 18, 1991 Claimant filed a claim petition alleging that as a result of her fall she sustained an injury to her right foot and ankle. Claimant testified at the hearing on the petition and introduced the deposition of Thomas M. Kain, III, M.D., a board-certified orthopedic surgeon. In opposition, Employer presented the deposition of Joseph Shatouhy, M.D., also a board-certified orthopedic surgeon.

The WCJ accepted the testimony of Dr. Kain regarding Claimant's diagnosis and residual problems as credible and persuasive. Dr. Kain diagnosed Claimant as suffering an inversion and twisting injury in the form of cuboid fracture, metatarsal fracture and secondary reflex sympathetic dystrophy. Although Claimant recovered sufficiently to return to work on July 30, 1991, her foot continued to ache and she had a slight limp. Dr. Kain testified that Claimant continued to have some abnormalities in her gait as a result of her work injury. The WCJ found that Claimant was disabled from her employment from April 30, 1991 through July 30, 1991 and that, although Claimant suffered various periods of unemployment or reduced employment after July 30, 1991, those periods resulted from a lack of work and were unrelated to her work injury. The WCJ awarded Claimant compensation at the weekly rate of $352.33 from April 30, 1991 to June 30, 1991, after which Claimant's benefits were suspended.[1]

---

1. Concluding that Employer's contest as to any liability whatsoever was unreasonable, the WCJ awarded Claimant an attorney's fee in the amount of 15 percent of her compensation to be paid as a separate charge by Employer, as well as litigation costs, medical expenses and 10 percent interest on all past-due compensation.

■ Relying on the Supreme Court's decision in *Pieper v. Ametek–Thermox Instruments Div.*, 526 Pa. 25, 584 A.2d 301 (1990), and this Court's decision in *Harle v. Workmen's Compensation Appeal Board (Telegraph Press, Inc.)*, 155 Pa.Cmwlth.556, 625 A.2d 751 (1993), *aff'd in part and vacated in part*, 540 Pa. 482, 658 A.2d .766 (1995), the Board concluded that because Claimant was capable of returning to her pre-injury job with residual disability and but for economic reasons, i.e. department-wide layoffs, that job was no longer available, Claimant was entitled to a reinstatement of benefits. Accordingly, the Board reversed the suspension imposed by the WCJ and awarded partial disability benefits from January 16, 1992 through May 1, 1992, total disability from January 1, 1993 through February 2, 1993 and partial disability thereafter.[2]

Several months after entry of the Board's order in the case sub judice, the Supreme Court vacated this Court's decision in *Harle*. In reaching its decision, the Supreme Court interpreted Section 306 of the of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 512, relating to compensation for partial disability benefits, to mean that an "employee whose earning power is no longer affected by his work-related injury is no longer entitled to partial disability benefits, even though his earnings may not match his pre-injury earnings." *Harle*, 540 Pa. at 488, 658 A.2d at 769. The Supreme Court further relied on the language in Section 413 of the Act, 77 P.S. § 772, relating to modifications:

> That where compensation has been suspended because the employe's wages are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, *unless it be shown that the loss in earnings does not result from the disability due to injury.* (Emphasis added.)

In the present case, Claimant returned to work on July 30, 1991 and worked at her pre-injury job without a loss in earnings until January 16, 1992. At that time Claimant's hours were reduced to 20 hours per week; she testified that the reduced hours were due to a lack of work. Claimant resumed full-time work on May 1, 1992. On January 1, 1993, Claimant was laid off by Employer. On February 2, 1993, Claimant began working as an aircraft cleaner for Miami Air, another employer, at $102 per week. Claimant never testified that her lay-offs were in any way related to her work injury.

In view of the foregoing, this Court is left with no alternative but to conclude that the rationale in *Harle* is controlling. The Board erred in awarding Claimant partial disability benefits while she was on lay-off status because her loss of earnings did not result from her injury but rather was the result of unrelated economic reasons. The order of the Board is reversed, and the WCJ's decision is reinstated.

### ORDER

AND NOW, 22nd day of August, 1996, the order of the Workmen's Compensation Appeal Board is reversed, and the order of the Workers' Compensation Judge is reinstated.

---

**2.** The scope of this Court's review of a decision of the Board is limited to determining whether necessary findings are supported by substantial evidence in the record or whether there was an error of law or a constitutional violation. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth.436, 550 A.2d 1364 (1988).