Donna **MITCHELL**, Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (DEVEREUX FOUNDATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 22, 2002.

Decided April 17, 2002.

Michael A. Ruggieri, Philadelphia, for petitioner.

Jane Ann Lombard, Philadelphia, for respondent.

BEFORE: PELLEGRINI, Judge, and COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge COHN.

■ These are consolidated appeals from two orders of the Workers' Compensation Appeal Board (Board) affirming the decisions of a Workers' Compensation Judge (WCJ). The first order denied Donna Mitchell's (Claimant) petition to review notice of compensation payable. The second order denied her petition to reinstate total disability benefits and her request to amend her notice of compensation payable.[1]

The WCJ found that on May 26, 1988, Claimant sustained a work-related injury and on June 16, 1988, Devereux Foundation (Employer) paid benefits pursuant to a notice of compensation payable based on an average weekly wage (AWW) of $323.22 and a corresponding compensation rate of $215.48 per week. In 1994, upon petition of Employer filed in February 1991, Claimant's benefits were modified to partial. The Board affirmed and Claimant appealed to this court. We remanded and eventually Claimant's benefits were further modified downward, a decision the Board affirmed in May of 1998.

In November 1998, Claimant filed her petition to review alleging that Employer had miscalculated her AWW along with a petition to reinstate total disability benefits and a request to amend her notice of compensation payable. Despite the fact that her case had been in litigation for *eleven years,* this was the first time she claimed an incorrect AWW had been used. The WCJ dismissed her petition on the

basis of res judicata and, in a separate decision, denied her petition to reinstate and to amend her notice of compensation payable. The Board, in separate orders, affirmed. Claimant's appeals to this court followed and have been consolidated here.

## Petition to Review Notice of Compensation Payable

Under Section 413(a) of the Workers' Compensation Act,[2] 77 P.S. § 771, a WCJ "may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement .... if it be proved that such notice of compensation payable or agreement was in any material respect incorrect."

Claimant, in maintaining that the WCJ was incorrect and that res judicata is inapplicable, relies on *Birmingham Fire Insurance Co. v. Workmen's Compensation Appeal Board (Kennedy),* 657 A.2d 96 (Pa. Cmwlth.1995), wherein this court held that Section 413(a) could be utilized to set aside a notice of compensation payable where the injury had been misidentified as a new one rather than a recurrence. The Board noted, however, that unlike the case here, no res judicata defense had ever been asserted in that case.

■ We need not determine, however, whether a res judicata defense could ever defeat a petition filed under Section 413(a), because we believe that the doctrine that should have been applied here is laches. As Judge Pellegrini observed, the doctrine of laches is available in administrative proceedings where no time limitation is applicable, where the complaining party failed to exercise due diligence in instituting an

---

1. Our scope of review where, as here, both parties have presented evidence, is limited to whether the findings of fact are supported by substantial evidence and whether there has been any constitutional violation or legal er-

ror. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa. Cmwlth.436, 550 A.2d 1364 (1988).

2. Act of June 2, 1915, P.L. 736, *as amended.*

action, and where there is prejudice to the other party. *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Allen)*, 152 Pa.Cmwlth.318, 618 A.2d 1224 (1992). In *Roadway Express*, the employer filed a petition to modify benefits based on the claimant's alleged failure to pursue certain job offers in good faith. It sought the reduction, however, based in part on job offers to which the claimant had been referred four years earlier. The court held that while laches can apply in a workers' compensation proceeding, it had been waived for failure to raise it.

In the case at bar, an objection on the basis of laches was made at the hearing where Claimant testified. (Hearing of February 16, 1999, N.T. 9, 41.) Because the WCJ decided the matter on the basis of res judicata, however, he did not take evidence on the laches issue.[3] Therefore, we need to remand for findings on possible prejudice to Employer.[4]

### Petition to Reinstate

In addition to filing the petition seeking to reinstate total disability benefits, Claimant also amended the petition to allege that the notice of compensation payable should be corrected to include depression in the description of her 1988 injury. In support of her petition, Claimant presented the testimony of Dr. Samuel Puleo, an orthopedic surgeon, who has treated Claimant since 1998. He stated that she had a work-related sprain of the left knee that aggravated a pre-existing degenerative arthritis of the knee. Further, he opined that as of January 1996 her arthritic condition had progressively worsened and she could do no work, including the light-duty telemarketing job she had been

performing. He also stated that Claimant became depressed because of chronic pain and the restriction of her ability to get around and that his prognosis was that she would never recover unless she underwent a knee replacement. He admitted that Claimant had also sustained a non-work-related knee injury and that it was not possible to quantify the degree of degenerative arthritis attributable to the work-related injury, as distinguished from the non-work-related injury.

Claimant, herself, testified to chronic pain in her left knee, inability to exercise, weight gain, financial difficulties and depression. She also presented the testimony of her daughter, who indicated that Claimant was no longer a happy and positive person and has limited her activities.

Claimant also presented the testimony of Dr. Harold Byran, who stated that Claimant suffered from severe major depression related to chronic pain syndrome that impedes her ability to concentrate and, therefore, she cannot perform the telemarketing position.

Employer presented the testimony of Dr. Kevin Mansmann, who examined Claimant on May 20, 1999, and opined that she is suffering from severe osteoarthritis of the left knee "with severe collapse of the medial compartment" and medial compartment osteoarthritis of the right knee. In his view, Claimant could do a job where she had the flexibility to sit and change positions with no extended climbing and no lifting greater than fifteen pounds. He believed that she could perform the telemarketing position.

Additionally, Employer presented the testimony of Dr. Gladys Fenichel, who con-

---

3. Further, Employer briefed this issue as an alternative argument in its brief filed here.

4. The statements in Employer's brief (pp. 27–28) that suggest it may now be unable to locate relevant witnesses or records are not, in and of themselves, evidence.

ducted a psychiatric examination on November 19, 1999. She concluded that Claimant's mental status was not abnormal and that she did not exhibit symptoms of major depression and could do the telemarketer job.

Also admitted into evidence was a surveillance videotape showing that despite a limp, Claimant could walk a small child to a bus stop, clear ice off the window of a minivan, lift a small child and secure her in a car seat, drive the minivan, pump gas, run errands, lift and put the child into a shopping cart and push the cart.

The WCJ found the testimony of Drs. Mansmann and Fenichel credible and persuasive and denied the petition to modify and to amend the notice of compensation payable. The Board affirmed and this appeal ensued.

■ Claimant acknowledges that credibility matters are for the WCJ, *see e.g., Vols v. Workmen's Compensation Appeal Board (Alperin, Inc.)*, 161 Pa.Cmwlth. 497, 637 A.2d 711 (1994), but asserts that the testimony of Dr. Mansmann is equivocal, a question of law reviewable by this court. *See Ohm v. Workmen's Compensation Appeal Board (Caloric Corp.)*, 663 A.2d 883 (Pa.Cmwlth.1995). Evidence is unequivocal as long as the medical expert, after providing a foundation, testifies that in his professional opinion he believes or thinks the facts exist. *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Lucas)*, 77 Pa.Cmwlth.202, 465 A.2d 132 (1983). Even if the witness admits to uncertainty, reservation, doubt, or lack of information with respect to scientific or medical details, as long as the witness does not recant the opinion first expressed, the evidence in unequivocal. *Id.*

■ A claimant who seeks to reinstate total disability benefits, subsequent to a modification to partial disability, based upon job availability has the burden to prove that the work-related disability increased to the point where he is no longer able to perform the job that was previously found to be available. *Griffiths v. Workers' Compensation Appeal Board (Red Lobster)*, 760 A.2d 72 (Pa.Cmwlth. 2000).

■ First, Claimant maintains that the evidence is equivocal because Dr. Mansmann limited Claimant's standing to four hours at a time and her sitting to two hours at a time, but the telemarketer job with International Communications required standing six to seven hours a day and the one with Direct Dial would not permit her to change positions as needed. The description for the International Communications job states on page one that standing is 6–7 hours a day, but on page two indicates "THE POSITION INVOLVES PRIMARILY SITTING WITH FLEXIBILITY TO STAND AND WALK." Dr. Mansmann approved the job description with the written comment "approved except standing 6–7 hours." He reiterated this condition in his deposition. Our review of the job description leads us to conclude that there was substantial evidence for the WCJ to conclude that the job was within Claimant's capabilities.

Regarding the Direct Dial position, the job description states that the duties involve "selling supplemental insurance, related paper and phone work required." The form also states under "General Comments" that "[t]his is a sedentary position which involves standing and walking...." This is certainly ample evidence from which the WCJ could conclude that Claimant could change positions. Further, in *Farkaly v. Workmen's Compensation Appeal Board (Baltimore Life Insurance Co.)*, 516 Pa. 256, 532 A.2d 382 (1987), the supreme court, in reversing this court, cit-

ed with approval to the dissenting position of Judge Doyle, who opined that in matters of job availability the factfinder can draw from "common experience" to conclude that a job is suitable and that the employer need not match the duties of the referred job to a claimant's individual capabilities. In that case the referee was permitted to conclude, despite the absence of specific evidence, that the jobs of cashier and telephone solicitor could be performed either sitting or standing. Similarly, the telephone work here could also be performed in either position. We, thus, conclude that Claimant's argument regarding the inadequacies of Dr. Mansmann's deposition are without merit.

Claimant next asserts that Dr. Mansmann admitted that her knee condition had worsened and that objective findings substantiate her claims of pain. This may be true, but it does not necessarily preclude a finding that she can still perform the telemarketer work.

██ Finally, Claimant asserts that Dr. Mansmann testified falsely about making notes on a job analysis form when the notes were actually made by another defense doctor. Such a matter goes to credibility and, the doctor's misstatement, whether intentional or innocent does not, as a matter of law, negate his clinical opinion regarding Claimant's medical condition. Further even if the comments were not Dr. Mansmann's, he indicated his agreement with them on the record. (Deposition of Dr. Mansmann, p. 25.)

Claimant's arguments are, in reality, an attack on the discretion of the WCJ to decide credibility and do not constitute a basis for reversal of benefits. We, thus, affirm the decision of the Board.

### ORDER

NOW, April 17, 2002, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed as to the petition for modification and vacated as to the petition to review. This matter is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.