Daniel Giffear, : 
          Petitioner : 
  : No. 977 C.D. 2019
      v. : 
  : Submitted: November 22, 2019
Workers' Compensation Appeal : 
Board (Philadelphia Newspapers Inc.), : 
          Respondent : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED: February 7, 2020

        Daniel Giffear (Claimant) petitions for review from the June 25, 2019 order of the Workers' Compensation Appeal Board (Board) that reversed the decision of Workers' Compensation Judge Audrey Beach (WCJ Beach) granting Claimant's Petition to Reinstate Compensation Benefits (Reinstatement Petition). For the reasons set forth below, we affirm.

        Claimant suffered a work-related injury to his right shoulder while working for Philadelphia Newspapers, Inc. (Employer) on March 30, 2005. On July 14, 2008, Employer issued a revised Notice of Compensation Payable describing the injury as a torn rotator cuff in the right shoulder and a herniated disc at C7-T1. (WCJ's Beach's Findings of Fact (F.F.) Nos. 1 and 2.)

        In September 2013, Employer filed a Petition to Modify Compensation Benefits (Modification Petition) alleging that, based on the results of a labor market

survey (LMS), light-duty jobs within Claimant's restrictions were available. By decision dated October 8, 2014, WCJ Susan Kelley (WCJ Kelley) granted the Modification Petition. Specifically, WCJ Kelley accepted as credible the medical evidence presented by Employer and rejected as not credible Claimant's testimony that he was unable to work and found that he was physically and vocationally capable of performing the jobs identified in the LMS. (WCJ Kelley's F.F. Nos. 12, 13 and 18; Reproduced Record (R.R.) at 9a-10a.) Accordingly, WCJ Kelley modified Claimant's benefits as of June 14, 2013, based on a full-time sedentary position with AAA Mid-Atlantic, which was one of the jobs identified in the LMS. (F.F. No. 19; R.R. at 10a.)

On October 26, 2015, Daniel Bronsnick, M.D., performed surgery on Claimant's shoulder to treat his work-related injury. (R.R. at 30a.) This was the third surgical procedure performed on Claimant's shoulder for this work injury. (R.R. at 24a.) On May 16, 2016, Claimant filed the Reinstatement Petition alleging that his total disability benefits should be reinstated as of the date of the surgery due to a worsening of his condition. (R.R. at 13a.) In support of his Reinstatement Petition, Claimant presented the September 8, 2016 deposition testimony of Dr. Bronsnick, who is board certified in orthopedic surgery. Dr. Bronsnick testified that he performed a surgical procedure on Claimant consisting of a right shoulder arthroscopy with rotator cuff repair and arthroscopic biceps tenodesis and a subacromial decompression with a partial acromioplasty. Dr. Bronsnick testified that, at the time of the deposition, Claimant continued to have shoulder pain despite the surgery. Specifically, Dr. Bronsnick stated that an MRI from Claimant's primary care physician indicated that he had re-torn the rotator cuff tendon. Dr. Bronsnick's current diagnosis of Claimant is that he suffered from shoulder pain and dysfunction following three arthroscopic

2

surgeries and a recurrent rotator cuff tear. (R.R. at 87a-95a.) With regard to Claimant's ability to work, Dr. Bronsnick testified as follows:

> [Employer's attorney]: Doctor, do you believe that [Claimant] can work at all in any capacity at this point in time?
>
> [Dr. Bronsnick]: Yes.
>
> [Employer's attorney]: In your opinion, what can he do? What is he capable of doing?
>
> [Dr. Bronsnick]: I personally would like a functional capacity evaluation to determine his level of work, but I would say that, from what he tells me of his symptoms, it doesn't seem like he can do the type of heavy-lifting job that he did do.
>
> He does have function of the shoulder. So I think for sure he could do a light [or] work or sedentary work, but the actual amount of that I can't personally determine.

(R.R. at 107a.) Employer did not present any medical testimony regarding Claimant's ability to work.

Claimant testified by deposition on July 20, 2016. He indicated that he was not capable of working any type of sedentary or desk job and that he has not looked for any work since his work-related injury. (R.R. at 49a-50a.) Claimant also testified before WCJ Beach on December 13, 2016, and explained that, following the surgery, he experiences sharp, shooting pain all the time. Claimant also reiterated that he cannot work in any capacity because of his right shoulder pain. (R.R. at 65a-66a.)

WCJ Beach granted Claimant's Reinstatement Petition and issued the following Finding of Fact:

3

> Employer submitted no medical evidence to refute the obvious conclusion that [] Claimant was rendered totally disabled as a result of his work-related surgery on October 26, 2015. Although Dr. [Bronsnick] believed (as of the date of his deposition) that [] Claimant was capable of engaging in gainful employment, his opinion was conditioned upon the completion of a functional capacity evaluation. His opinion in this regard was therefore not legally competent. Additionally, there was no evidence of record that at any time after the October 26, 2015 surgery, [] Claimant was physically capable of performing the positions that served as the basis of the 2013 [LMS].

(WCJ Beach F.F. No. 20.) As such, WCJ Beach concluded that Claimant sustained his burden of proving that he was once again totally disabled as of October 26, 2015.

Employer appealed to the Board. The Board, citing *Mitchell v. Workers' Compensation Appeal Board (Devereux Foundation)*, 796 A.2d 1015 (Pa. Cmwlth. 2002), reasoned that, because WCJ Kelley found that Claimant was able to perform open and available sedentary jobs in 2014, it was Claimant's burden to show that he is no longer capable of performing those sedentary jobs. Because the Board determined that the medical evidence presented by Claimant did not establish that he was unable to perform the sedentary duty position identified in the Modification Petition when this case was previously before WCJ Kelley, it reversed the decision of WCJ Beach.

On appeal to this Court,[1] Claimant argues that the Board mistakenly relied on *Mitchell*, which, unlike this matter, is a "bad faith" case with a burden expressly distinct from that at issue here where there is no assertion or evidence that Claimant declined in bad faith to resume available work.

---

[1] Our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 216 n.3 (Pa. Cmwlth. 2006).

4

Section 413(a) of the Workers' Compensation Act (Act)[2] provides, in relevant part, that:

> A workers' compensation judge . . . . may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed.

77 P.S. §772.

A reinstatement of benefits is proper if a claimant can show that the reason for the suspension or modification of benefits no longer exists. *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries)*, 640 A.2d 386, 392 (Pa. 1994); *Pieper v. Workmen's Compensation Appeal Board (Ametek-Thermox Instruments Division)*, 584 A.2d 301, 304 (Pa. 1990). However, the burden of proof is dependent upon how the claimant's benefits were suspended or modified. *Mitchell*, 796 A.2d at 1019; *Griffiths v. Workers' Compensation Appeal Board (Red Lobster)*, 760 A.2d 72, 75 (Pa. Cmwlth. 2000). Where a claimant's benefits are suspended for failing to accept an open and available job within his medical restrictions and he subsequently seeks a reinstatement of those benefits, the burden is on the claimant to show that his injury has worsened and that he is no longer able to perform the job or jobs that he was previously found to be capable of performing. *Griffiths*, 760 A.2d at 75. This situation has often been referred to as a "bad faith" case. However, as we explained in *Johnson v. Workers' Compensation Appeal Board (McCarter Transit, Inc.*), 650 A.2d 1178,

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772.

1180 (Pa. Cmwlth. 1994), "bad faith" in this context does not imply that the claimant has committed overt malfeasance or has violated the Act. Rather, it "is merely the characterization of [the c]laimant's action for refusing to follow up on a job referral without a sufficient reason." *Id. See also Napierski v. Workers' Compensation Appeal Board (Scobell Co*.), 59 A.3d 57, 61 (Pa. Cmwlth. 2013); *Spinabelli v. Workmen's Compensation Appeal Board (Massey Buick, Inc*.), 614 A.2d 779, 780 (Pa. Cmwlth. 1992).

In this case, the failure of Claimant to accept an open and available sedentary job that he was physically capable of performing, or his "bad faith," occurred in June of 2013 as determined by WCJ Kelley in her October 8, 2014 decision, wherein she found that Claimant was capable of performing a sedentary position at AAA Mid-Atlantic and modified Claimant's benefits accordingly. In other words, the fault for Claimant's reduction in benefits from total to partial lay solely with him following that decision; his loss in earning power was not solely attributable to his work injury. Thereafter, Claimant had a surgical procedure performed on October 26, 2015, to treat his work-related injury. Claimant felt that his injury worsened after this procedure and, therefore, filed a Reinstatement Petition.

In order to prevail and again receive total disability benefits, the burden was on Claimant to show that his work-related injury had worsened and that, because of his worsening condition, he was no longer capable of performing the sedentary position identified by WCJ Kelley in her 2014 decision. *Mitchell; Griffiths*. Claimant presented evidence accepted as credible by WCJ Beach that his condition had worsened due to the surgery. However, Claimant presented absolutely no medical evidence that his worsened condition precludes him from performing the sedentary position. Rather, Dr. Bronsnick testified that Claimant could not perform his pre-injury job and that he

6

would want a functional capacity evaluation performed to determine what level of sedentary work Claimant could perform. Neither Dr. Bronsnick, nor any other medical expert, proffered any testimony regarding Claimant's ability to perform the sedentary position that formed the basis for modifying his benefits in WCJ Kelley's 2014 decision.

In Finding of Fact No. 20, WCJ Beach faults Employer because it "submitted no medical evidence to refute the obvious conclusion that [] Claimant was rendered totally disabled as a result of his work-related surgery on October 26, 2015." It is apparent from this statement that WCJ Beach erroneously placed the burden on Employer rather than Claimant. Also in Finding of Fact No. 20, WCJ Beach found that "there was no evidence of record that at any time after the October 26, 2015 surgery, [] Claimant was physically capable of performing the positions that served as the basis of the 2013 [LMS]." Claimant, however, needed to prove his inability to perform the sedentary position identified in the 2013 LMS, and this evidence does not exist because it was not provided by Claimant. Claimant's medical expert, Dr. Bronsnick, did not opine regarding Claimant's inability to perform this specific position or any sedentary position in general. Therefore, having failed to prove that the October 26, 2015 surgery rendered him incapable of performing the sedentary-duty job that resulted in the prior modification of his benefits, we must conclude that Claimant failed to sustain his burden of proving that his benefits should be reinstated.

Accordingly, the order of the Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Fizzano Cannon did not participate in this decision.

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Giffear,  :
           Petitioner  :
                                :   No. 977 C.D. 2019
        v.  :
                                :
Workers' Compensation  Appeal  :
Board (Philadelphia Newspapers Inc.),  :
           Respondent  :

## ***ORDER***

AND NOW, this 7th day of February, 2020, the order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge