560 A.2d 865

ASSOCIATED PLUMBING & HEATING and CNA Insurance Company, Petitioners,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (HARTZOG, Jr.), Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 21, 1989.

Decided June 16, 1989.

J. Lawson Johnston, Dickie, McCamey & Chilcote, P.C., William M. Conwell, Pittsburgh, for petitioners.

Stephen P. McCloskey, Kathleen Smith–Delach, Phillips & Faldowski, Washington, for respondents.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

In this workmen's compensation case, Associated Plumbing & Heating and its insurance carrier, CNA Insurance Company (referred to collectively as Employer) filed a modification petition on June 25, 1984, alleging that, as of February 1983,[1] Thomas E. Hartzog, Jr. (Claimant) was able to do light work which was available to him.

The facts are as follows. Claimant, a plumber, suffered a work-related injury to his lower back on September 9, 1981. As a result of this injury, he received workmen's compensation benefits pursuant to a notice of compensation payable. At Employer's request, Claimant was examined by Dr. Ronald Zimmerman on August 31, 1983, October 13, 1983 and November 21, 1983. Dr. Zimmerman found that, while Claimant was unable to return to his former occupation, he had recovered sufficiently as of the above dates to be able to perform "medium work."[2] Based upon Dr. Zimmerman's recommendations, Mr. Mark Lahey, a vocational consultant retained by Employer, began a search for available employment consistent with Claimant's physical limitations

---

1. Employer's evidence related to employment available as of February *1984*. Although 1983 was probably a typographical error, Employer continues, inexplicably, to refer to that date in its brief. The referee found as a fact that employment was available to Claimant as of February, 1984.

2. The doctor was given a "physical capacities checklist" form to complete, detailing the restrictions he recommended. Five categories of work were listed at the bottom of this form and the doctor was asked to designate the appropriate category. These five categories were sedentary work, light work, medium work, heavy work and very

and forwarded eleven job leads to the Claimant. Mr. Lahey, testifying by deposition, stated that he informed Claimant of each lead either personally or by mailgram. He subsequently forwarded descriptions of each job to Dr. Zimmerman, who approved all but one of the jobs (a cashier position at Z & L Lumber Co.).

After having received Dr. Zimmerman's and Mr. Lahey's depositions, and having heard the Claimant's testimony, the referee granted the Employer's modification petition. Specifically, the referee entered the following pertinent findings of fact:

4. The claimant was notified of the eleven job opportunities by Mark Lahey, of Options, a vocational placement and rehabilitation service.

5. The claimant applied for seven of them but not the other four.

6. The following jobs were available to the claimant, and he was advised of them:

a. A telephone sales job with Sears and Roebuck paying $3.35 per hour for 20 to 29 hours per week, available 3/26/84

b. Watchman job with County of Washington available as of 2/6/84 at $5.49 per hour, 40 hours per week, available and claimant advised as of 2/6/84

c. Two jobs with Z & L Lumber, one a cashier job and the other a sales job, the cashier job paying $3.45 per hour and the sales personnel job $10,000 to $12,000 per year, both available 3/2/84 and claimant advised the same day

7. Based upon the testimony of Dr. Ronald Zimmerman, your Referee finds as a fact that the claimant was able to do the above four jobs.

(Referee's decision dated April 10, 1985).

■ On Claimant's appeal, the Workmen's Compensation Appeal Board (Board) reversed, relying on this Court's

heavy work. The restrictions listed under the "medium work" category were "50 lbs. maximum lifting with frequent lifting/carrying of up to 25 lbs. Frequent standing and walking." (Exhibit No. 2 attached to deposition of Dr. Zimmerman, dated December 26, 1984).

decision in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 91 Pa.Commonwealth Ct. 543, 498 A.2d 36 (1985), *aff'd as modified,* 516 Pa. 240, 532 A.2d 374 (1987). The Board reasoned that, because Dr. Zimmerman did not approve the specific jobs until *after* Claimant had been informed of them, the jobs could not be considered "available" under *Kachinski.* The Board summarized its rationale as follows:

The four jobs found to be available by the Referee in his Finding of Fact # 6 were as follows:

(1) Telephone sales for Sears, Roebuck: available 3/26/84, job description approved by Dr. Zimmerman 5/23/84.

(2) Watchman for Washington County: available 2/6/84, job description approved by Dr. Zimmerman 5/23/84.

(3) Cashier for Z & L Lumber: available 3/2/84, job description reviewed by Dr. Zimmerman 8/3/84. Not approved.

(4) Sales job for Z & L Lumber: available 3/2/84, job description approved by Dr. Zimmerman 8/3/84.

Dr. Zimmerman's Deposition was taken on 12/26/84 at which time he testified to his review of the job descriptions for the four jobs noted above, as well as others. The Court noted in *Kachinski* that "A suggested position of employment must be available when the Claimant is found to be able to perform it." That criterion has not been met in this case whether one uses either the date of the doctor's review of the job descriptions or the date of his testimony. Therefore we must Reverse the Referee's Decision in this case and order total disability benefits reinstated as of February 6, 1984.

(Board opinion dated August 29, 1986).

In light of our Supreme Court's modification of *Kachinski,* the Employer requested that the Board reconsider its decision. The Board denied Employer's petition for rehearing, concluding:

The facts here are that the work was shown available [sic] at a date *prior* to the medical *examination* relied upon by the Referee. This principle to us is basic and not changed by the Supreme Court. That is the Claimant's condition must be established before work can be proven to be available within the established condition.

(Board opinion dated May 16, 1988) (emphasis in original). Employer then took this appeal.

Employer argues that the Board has incorrectly interpreted the import of *Kachinski*. For the reasons which follow, we must agree.

We begin by examining the guidelines for determining whether work is "available" to a claimant, which the Supreme Court formulated in *Kachinski*, 516 Pa. at 251-22, 532 A.2d at 379-80:

It is enough that the employer produce medical evidence describing the claimant's capabilities, and vocational evidence classifying the job, *e.g.*, whether it is light work, sedentary work, etc., along with a basic description of the job in question. *From such evidence it will be up to the referee to determine whether the claimant can perform the job in question.* ... Thereafter, the decision of the referee will be reviewable as a finding of fact.

. . . .

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must *first* produce medical evidence of a change in condition.

2. The employer must *then* produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue. (Citation omitted; emphasis added.)

As we read the Court's guidelines, Employer has followed the proper steps in the proper order. Claimant was first examined by Dr. Zimmerman, who determined the extent of his physical limitations. Dr. Zimmerman then supplied reports to Employer's vocational consultant following his three examinations of Claimant. The consultant, Mr. Lahey, then attempted to locate open positions of employment, taking Claimant's limitations into account. The problem here arises because Mr. Lahey then took the *additional* step of submitting each individual job description to Dr. Zimmerman for his subsequent approval. Claimant argues that, because this approval came several months *after* the job referrals, the jobs cannot be said to have been available when they were offered to Claimant.

Claimant's argument ignores the fact that Dr. Zimmerman examined him on three occasions *prior* to the referrals. The last examination was on November 21, 1983, approximately two and a half months before the first referral. This case may not reasonably be analogized to *Mrs. Smith's Frozen Food v. Workmen's Compensation Appeal Board (Gladfelter)*, 113 Pa. Commonwealth Ct. 25, 535 A.2d 1259 (1988), upon which Claimant relies. In *Mrs. Smith's*, the Employer sought modification on the basis of jobs available to the claimant in the spring of 1983. However, the claimant therein was not examined by a doctor until *December* 1983. Relying on the results of the December examination, the employer's doctor approved certain of the job descriptions as being within the claimant's capabilities. We affirmed the Board's decision denying the modification petition in *Mrs. Smith's* specifically because the claimant had not been given medical clearance to perform the jobs *when* the jobs were referred to him. Here, Dr. Zimmerman had examined Claimant before Mr. Lahey began to search for

jobs for him.[3]

Analyzing the facts of this case within the *Kachinski* framework, we must conclude that the Employer complied with the first of the four criteria enumerated therein, by producing evidence of a change in Claimant's condition which was supported by Dr. Zimmerman's reports.[4] It then offered evidence, through the testimony of Mr. Lahey, that it referred Claimant to jobs within his medical limitations,[5] thereby meeting the requirements of the second *Kachinski* criterion. If both of these factors have been established by an employer, it is then up to the claimant to demonstrate that he has, in good faith, followed through on the job referrals (third *Kachinski* criterion).

■ Here, the Claimant failed to demonstrate that he followed through on all of the leads provided to him. Although Claimant testified that he did not receive notice of the Sears and Roebuck job and the two positions at Z & L Lumber, the referee found as a fact that he did. Because that finding finds ample support in the testimony of Mr.

3. Claimant did not introduce any medical evidence to rebut either the Employer's evidence of a change in his condition or to show that its job referrals were not within his physical capabilities. As this Court noted in *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Lewis)*, 113 Pa.Commonwealth Ct. 230, 536 A.2d 870 (1988), a claimant who does not follow up upon an employer's job referrals is on dangerous ground.

4. Of course, it is the date of examination, at which time a finding of a change in medical condition is made, which is the critical date. Although Dr. Zimmerman did not testify regarding his findings until December of 1984, his conclusions were based upon his three 1983 examinations.

5. As we read *Kachinski*, it is not necessary for an employer to have each job separately evaluated by a physician who has previously established guidelines for the type of work a claimant is capable of performing. Here, Mr. Lahey, a trained vocational consultant, used Dr. Zimmerman's reports to find jobs he deemed Claimant capable of performing. As the Court pointed out in *Kachinski*, it is the referee's duty to determine, from the medical and vocational evidence presented, whether a claimant is able to perform the job in question. The referee here found as a fact that Claimant could perform the jobs to which he was referred. *See also Farkaly v. Workmen's Compensation Appeal Board*, 516 Pa. 256, 532 A.2d 382 (1987).

Lahey, we are without power to disturb it.[6] As the Supreme Court noted in *Kachinski*, 516 Pa. at 252, 532 A.2d at 380, "[t]hough we seem to have almost moved to a point where the employer must produce a job offer, that it not quite true since the refusal of the employee to pursue a valid job referral can provide a reason for altering benefits." Because we are bound by the factual finding that Claimant did not pursue all of the jobs referred to him,[7] we must conclude that the modification petition should have been granted.

■ The referee granted the modification on the basis of the wages Claimant could have earned as a watchman for Washington County. However, as the Claimant points out, the undisputed testimony of both parties establishes that Claimant applied for but did not receive that job. (*See* Deposition of Mark Lahey dated December 13, 1984 at p. 26, 50; Testimony of Claimant from the January 3, 1985 hearing at p. 11). Accordingly, under the fourth criterion of *Kachinski*, the watchman's job was not available to Claimant and may not serve as the basis for modification.

The fact remains that Employer here has met its burden of establishing that Claimant failed to apply for the three remaining jobs which the referee determined he was able to perform. We are of the opinion that the modification of Claimant's benefits must be effective as of the date the first job he did not apply for was available. Here, that date is March 2, 1984. However, there were two jobs available on that date, both at Z & L Lumber, one at an established wage of $3.45 per hour for 24 to 30 hours per week (*see* Deposition of Mark Lahey at p. 19), and the other, a salaried

6. *See, e.g., Ruhl v. Workmen's Compensation Appeal Board (Erie County Geriatric Center)*, 102 Pa. Commonwealth Ct. 374, 518 A.2d 345 (1986).

7. Claimant disputes that the cashier position at Z & L Lumber was available because Dr. Zimmerman failed to approve it. *Farkaly*, however, makes it clear that it is within the referee's province as fact finder to determine whether a claimant is capable of performing a job.

position paying between $10,000 and $12,000 per year. (*Id.*) Because Claimant did not apply for either, it will never be known whether he would have been qualified or hired for either position. Therefore, we do not deem it useful to remand for a factual determination of the position Claimant would have most likely acquired, since such a determination will ultimately rest upon speculation. Rather, we conclude, based upon the facts of this case,[8] that the calculation of Claimant's modified benefits must be based upon the minimum number of hours per week, 24, which Claimant could have worked in the lower-paying cashier position, since that position is generally representative of the type of job referrals Claimant was receiving from the Employer.[9]

Accordingly, we reverse the order of the Board and remand for a computation of Claimant's modified benefits.

## ORDER

AND NOW, this 16th day of June, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed and the case is remanded for a computation of benefits consistent with the foregoing opinion.

Jurisdiction relinquished.

8. Claimant applied for and was rejected for eight out of the eleven jobs to which he was referred. Six of these jobs were part-time, minimum wage positions. Two others paid between $3.45 and $4.00 per hour and were also part-time. Only three were full-time positions.

9. Our conclusion attempts to balance the competing interests here. The Employer, on the one hand, has met its burden under *Kachinski* of proving that Claimant's benefits should be modified due to Claimant's failure to follow up on all job leads. Claimant, on the other hand, did apply for the majority of the positions to which he was referred and received no job offers. His benefits will be reduced despite the fact that he has no corresponding increase in income. Although his benefits must be modified under *Kachinski,* we believe that the result we reach today is consistent with the humanitarian objectives of worker's compensation law, *see, e.g., Krawchuk v. Philadelphia Electric Company,* 497 Pa. 115, 439 A.2d 627 (1981).