572 A.2d 843

**BETHENERGY MINES, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SEBRO), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 1990.

Decided March 29, 1990.

Stephen I. Richman, Washington, with him, William R. Miller, Upper St. Clair, Ceisler, Richman, Smith Law Firm, Washington, for petitioner.

Anthony J. Seneca, Seneca & O'Dell, P.C., Washington, for respondent, Michael Sebro.

Before CRUMLISH, Jr., President Judge, and CRAIG, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

PALLADINO, Judge.

Bethenergy Mines, Inc. (Petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting Michael Sebro (Claimant) total disability benefits. We affirm.

Claimant was employed in the coal mining industry for 44 years. Claimant filed a claim petition alleging that he became totally disabled from coal worker's pneumoconiosis. Following hearings, a referee made the following pertinent finding of fact:

5. Upon consideration of conflicting medical evidence as to causation of the claimant's disease in this case, and based upon the sufficient, competent and credible medical report and deposition testimony of Doyle Tarwater, M.D., your referee finds as a fact that claimant became totally disabled on or about June 30, 1986; and that coal workers' pneumoconiosis is a materially contributing factor to his total and permanent disability as a result of his total and cumulative exposure to coal dust in all or in part from his exposure to the hazard of pneumoconiosis after

June 30, 1973 in employment covered by the Pennsylvania Workmen's Compensation Act, as amended.

The referee awarded Claimant total disability benefits. Petitioner appealed to the Board which affirmed based upon the referee's credibility determination.

On appeal to this court,[1] Petitioner raises the following issues: 1) whether the Board failed to conduct a proper substantial evidence review; 2) whether the referee's findings of fact are unsupported by substantial evidence; and 3) whether the referee's failure to give reasons for his credibility determinations violates due process.

As to the first issue, Petitioner proposes that this court and the Board adopt a "whole record/substantial evidence review" which would require a limited re-weighing of the evidence at the appellate levels. For the reasons more fully set forth in the companion case of *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990) we reject this proposed review and find that the Board conducted a proper substantial evidence review.

As to the second issue, Petitioner argues that it presented such overwhelming evidence that Claimant was not suffering from pneumoconiosis that a reasonable person viewing the record as a whole could not possibly come to the conclusion reached by the referee. Petitioner argues that its witnesses, particularly Dr. Robert Altmeyer and its x-ray readers were more qualified than Claimant's witnesses.

However, the referee is the ultimate factfinder in a workmen's compensation case and he has the sole prerogative of assessing credibility and resolving conflicts in testimony. *Beebe v. Workmen's Compensation Appeal Board*

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether any finding of fact was not supported by substantial evidence. *Hammer v. Workmen's Compensation Appeal Board (Gannondale)*, 105 Pa.Commonwealth Ct. 356, 524 A.2d 550 (1987).

*(Bendix Corp.)*, 112 Pa.Commonwealth Ct. 578, 535 A.2d 1236 (1988). Petitioner concedes that Dr. Tarwater's testimony expressed with certainty that Claimant is totally disabled from coal worker's pneumoconiosis. After reviewing the record, we hold that Dr. Tarwater's testimony is such relevant evidence that a reasonable person might accept as adequate to support the conclusion that Claimant is totally disabled from coal worker's pneumoconiosis. Therefore, the referee's finding is supported by substantial evidence.

As to the third issue, Petitioner argues that due process requires that a referee state the reasons for his credibility determinations. Petitioner cites *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), for the broad proposition that referee's decisions must be supported with reasons.

In *City of Hazleton v. Workmen's Compensation Appeal Board*, 35 Pa.Commonwealth Ct. 477, 386 A.2d 1067 (1978) and *Cooper Energy Services v. Workmen's Compensation Appeal Board (Toth)*, 113 Pa.Commonwealth Ct. 144, 536 A.2d 519 (1988) this court held that a referee was not required to give reasons for credibility determinations. It is clear that when a referee is presented with conflicting medical testimony often the reason for choosing one expert's testimony over another is credibility. This reason satisfies due process.

Accordingly, we affirm.

## ORDER

AND NOW, March 29, 1990, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.