635 A.2d 732

**Regina M. KURTIAK, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(WESTERN SIZZLIN' STEAK HOUSE),
Respondent,**

**WESTERN SIZZLIN' STEAK HOUSE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL
BOARD (KURTIAK), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 24, 1993.

Decided Dec. 23, 1993.

Patrick H. Mahady, for petitioner/respondent Regina M. Kurtiak.

James B. Hudzik, for respondent/petitioner Western Sizzlin' Steak House.

Before PALLADINO and FRIEDMAN, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Regina M. Kurtiak (Claimant) and Western Sizzlin' Steakhouse (Employer) cross appeal from an order of the Workmen's Compensation Appeal Board (Board) which reversed the referee's decision granting Claimant's claim petition and also reversed the referee's decision granting Employer's modification petition under The Pennsylvania Workmen's Compensation Act (Act).[1] We affirm in part and reverse and remand in part.

The record reveals that Claimant was a food preparation worker for Employer, and on April 4, 1988 Claimant sustained a work-related injury to her right arm and shoulder when she lifted a bus pan of hot chile. Pursuant to a notice of compensation payable, Claimant began receiving total disability benefits on May 4, 1988. Employer paid medical expenses relative to Claimant's right arm and shoulder including expenses for surgery to repair a torn rotator cuff in Claimant's right shoulder. When Employer refused to pay additional medical bills incurred by Claimant for the treatment of carpal tunnel syndrome in both hands, Claimant filed a claim petition. Thereafter, Employer filed a modification petition asserting that Claimant's disability had changed from total to partial.

The referee granted Claimant's claim petition, ordering Employer to pay the medical bills in question. The referee also granted Employer's modification petition, reducing Claimant's benefits from total to partial.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

Both parties appealed to the Board. The Board, without taking additional testimony, sustained both appeals. Specifically, the Board reversed the referee's decision granting Claimant's claim petition and reversed the referee's decision granting Employer's modification petition.

Both parties filed petitions for review, and the petitions were consolidated before this court. On appeal to this court, the issues presented are: 1) whether the Board erred in concluding that Employer was not responsible for the payment of medical expenses incurred in the treatment of Claimant's bi-lateral carpal tunnel syndrome; 2) whether the Board erred in concluding that Employer failed to establish that Claimant's disability had decreased; and 3) whether referee erred in his determination of the appropriate partial disability rate.[2]

██ With respect to the Claimant's claim petition, we note that, in order for an employer to be liable for a claimant's medical treatment, the treatment must be causally connected to the claimant's work-related injury. *King v. Workmen's Compensation Appeal Board (Wendell H. Stone Co.)*, 132 Pa.Commonwealth Ct. 292, 572 A.2d 845 (1990). Furthermore, it is the claimant's burden to establish the necessary causal connection. *King.* Unless there is an obvious causal connection between a work incident and a subsequent injury, the claimant bears the burden of presenting unequivocal medical testimony to establish the requisite causation. *Thomas Jefferson University Hospital v. Workmen's Compensation Appeal Board (Giordano)*, 116 Pa.Commonwealth Ct. 392, 541 A.2d 1171 (1988).

 In the instant case, the work injury occurred when Claimant jarred herself while lifting a bus tub of chile. She immediately noticed pain in her shoulders, and thereafter her principal problem was with her right shoulder and arm. The

2. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Commonwealth Ct. 288, 572 A.2d 843 (1990).

Notice of Compensation Payable lists Claimant's injuries as "pulled muscles in right arm, neck and shoulder." Eventually, Claimant underwent surgery to correct a torn rotator cuff in her right shoulder, and Employer paid all associated medical expenses.

Claimant did not seek treatment for any problems with her hands until November of 1989. The disputed medical expenses incurred for the treatment of Claimant's hands are dated February 8, 1990 through October 25, 1990. Because the nature of Claimant's injury on April 4, 1988 was a jarring injury to her shoulder, there is no obvious causal connection between that incident, which resulted in injury to Claimant's right shoulder, and the subsequent medical treatment for Claimant's hands. Claimant, therefore, under *King* had to establish a causal connection by unequivocal medical testimony.

In support of her burden, Claimant proffered the deposition testimony of Dr. James P. Bradley, M.D.

With respect to the cause of Claimant's carpal tunnel syndrome, Dr. Bradley testified as follows:

A. First of all, you have got to understand carpal tunnel syndrome. There is [sic] other things that can give you carpal tunnel syndrome. There is a group of things, and when you get carpal tunnel syndrome you go in your mind through those.

Diabetes can give it to you. Hypoparathyroidism can give it to you. Hyperthyroidism can give it to you. Myxedema can give it to you. Chronic synovitis can give it to you. That's all been proven. She did not have those other said things, but she was a baker and—

Q. Is a baker—

A. A baker is a repetitive motion job with the wrists. Just like a hairdresser. Just like a dentist. Those are repetitive high motion jobs with the wrists that have been shown to be correlated in studies with carpal tunnel syndrome.

Q. So then, Doctor, do you have an opinion within a reasonable degree of medical certainty as to the cause of the condition for which you treated [Claimant] relative to the carpal tunnel syndrome?

A. She had bilateral carpal tunnel syndrome. I believed, and I said it in my notes, that this was job related due to the repetitive activity of being a baker.

Bradley Deposition, 8/20/91 at 7–8.

Upon a review of Dr. Bradley's testimony, we find no assertion that Claimant's carpal tunnel syndrome was caused by the April 4, 1988 work-related injury. Because the evidence introduced by Claimant fails to establish a causal connection between the work-related injury and Claimant's bilateral carpal tunnel syndrome, Employer is not liable for the payment of medical expenses associated with Claimant's carpal tunnel syndrome.

Accordingly, the order of the Board with respect to the nonpayment of these medical expenses is affirmed.

With respect to Employer's modification petition, Employer contends that Claimant's disability has decreased from full disability to partial disability.

Where an employer seeks to modify a claimant's workmen's compensation benefits from full to partial, it is the employer's burden to establish that the claimant's disability has decreased. This burden is satisfied when the employer shows that the claimant's condition has changed and that other work is available which the claimant is capable of performing. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). Once the employer has met this burden, the burden shifts to the claimant to establish a good faith follow through on the job referrals. *Kachinski; Champion Home Builders Company v. Workmen's Compensation Appeal Board (Ickes)*, 136 Pa.Commonwealth Ct. 612, 585 A.2d 550 (1990), *petition for allowance of appeal denied*, 528 Pa. 638, 598 A.2d 995 (1991).

■ In support of its burden, Employer offered the testimony of Barbara A. Graham, a rehabilitation counselor who works for Interpose, a company hired by Employer to assist Claimant in obtaining a suitable position. Graham testified that she located and informed Claimant of thirteen positions which were within Claimant's physical restrictions and were available. Employer also offered the testimony of Dr. Graham F. Johnstone, M.D., who testified that he had reviewed four of the positions proposed by Graham and that Claimant was capable of performing the duties associated with the four positions.

The referee found that there were two positions available which were within Claimant's physical limitations and that Claimant had failed in good faith to apply for either of these positions. Therefore, the referee held that Employer was entitled to a modification of benefits. In reversing the referee, the Board held:

> Nowhere, however, does the Referee find that the Claimant's physical condition changed so as to reduce her disability as required by *Kachinski, supra*. The referee's decision merely states that if the Claimant were employed, her disability vis-a-vis her ability to earn income, would be reduced. This is not sufficient to meet the [Employer's] required burden of proof and accordingly we will reverse the Referee's grant of the Defendant's Modification Petition and sustain the Claimant's appeal in that regard.

Opinion of the' Board at 3.

■ However, there is no requirement that an employer establish that a claimant's physical condition had changed in order to meet its burden of proving that the claimant's disability decreased. In *Harrell v. Workmen's Compensation Appeal Board (Circle HVAC)*,[3] this court held that a physician's testimony that a claimant was able to work within certain restrictions was sufficient under *Kachinski*. As previously noted, Employer's physician testified that he had approved

---

3. .151 Pa.Commonwealth Ct. 8, 616 A.2d 1051, *petition for allowance of appeal denied*, 532 Pa. 645, 614 A.2d 1142 (1992).

four positions as within Claimant's physical limitations. Therefore, Employer met its burden of establishing that Claimant's disability had decreased, and the Board erred in reversing the referee's order to that effect.

■ Finally, we address the issue of the amount of the partial benefits as calculated by the referee. The referee reduced the amount of Claimant's benefits based upon the wages which she would have earned as a part-time telephone operator/dispatcher at Greiner Security. Greiner Security was one of the two jobs which the referee found to be available to Claimant and to be within her physical limitations and which Claimant failed to pursue in good faith.

Employer argues that the referee should have reduced Claimant's benefits based upon on the wages Claimant would have earned at Wendy's, the other job found suitable by the referee. The position at Wendy's was a full-time position, and Employer argues that the full-time position more accurately reflects Claimant's earning capacity.

We agree. Partial disability payments are calculated based upon the difference between the wages the employee earned at the time of the injury and the employee's earning power after the injury. 77 P.S. § 512. The referee found that Claimant was approved for full time employment and that the position at Wendy's was available and within Claimant's physical limitations. Therefore, Claimant's earning power was that amount which she would have earned at Wendy's, and the referee should have reduced Claimant's benefits based upon full time employment at Wendy's.

We find that the referee's decision to base the amount of the reduction in Claimant's benefits on the wages she would have earned at the part-time position at Greiner Security was error. Because the Board reversed the referee's order reducing Claimant's benefits, it did not reach this issue. Therefore, in addition to reversing the order of the Board with respect to the modification petition, we also remand to the Board with instructions to remand to the referee for a recalculation of Claimant's benefits.

Accordingly, the order of the Board is affirmed in part and reversed and remanded in part.

## ORDER

AND NOW, December 23, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter with respect to the claim petition is affirmed.

The order of the Workmen's Compensation Appeal Board with respect to the petition to modify benefits is reversed. The matter is remanded to the Board with instructions to remand to the referee for a recalculation of partial disability benefits in accordance with the foregoing opinion.

FRIEDMAN, Judge, dissenting.

I respectfully dissent.

First, I would have initially addressed the employer's contention that Claimant failed to give timely notice of the carpal tunnel syndrome. If employer's contention proved correct, there would be no need to address the other issues.

However, I also have a more fundamental disagreement with the majority's analysis. I would affirm the Board's conclusion that Employer failed to meet its burden of proving a change in Claimant's physical condition, as required by *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). The majority cites our recent decision in *Harrell v. Workmen's Compensation Appeal Board (Circle HVAC)*, 151 Pa.Commonwealth Ct. 8, 616 A.2d 1051, *petition of allowance of appeal denied*, 532 Pa. 645, 614 A.2d 1142 (1992) for the proposition that "there is no requirement that an employer establish that a claimant's physical condition has changed in order to meet its burden of proving that the claimant's disability decreased." (Maj. Op. at 736.) This statement is not consistent with *Kachinski* [1] and is not found in *Harrell* although a review of

1. *Unora v. Glen Alden Coal Co.*, 377 Pa. 7, 104 A.2d 104 (1954), relied upon in *Kachinski,* contains the following quote from Professor Arthur

*Harrell*'s facts might lead to such a conclusion. I do not believe that *Harrell,* which is an opinion of this court, should be read in such a way as to contradict the Supreme Court's teaching in *Kachinski.* Therefore, I disagree with the majority's statement of the law and its application to this case. I would affirm the Board.

Accordingly, I dissent.

Larson's work on Workmen's Compensation Law (Vol. 2, Sec. 57, 10, pp. 2, 3):

> ... the disability concept is a blend of two ingredients, ... the first ingredient is disability in the medical or physical sense, as evidenced by obvious loss of members or by medical testimony that the claimant simply cannot make the necessary muscular movements and exertions; the second ingredient is de facto inability to earn wages, as evidenced by proof that claimant has not in fact earned anything.

*Id.* 377 Pa. at 12, 104 A.2d at 107. *Kachinski* required that evidence on medical condition and earning ability be produced separately.