649 A.2d 169

**UNITED CEREBRAL PALSEY AND MOTORIST MUTUAL INSURANCE CO., Petitioners,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (EMPH), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 15, 1994.

Decided Oct. 12, 1994.

Petition for Allowance of Appeal Granted Feb. 13, 1995.

Donna M. Lowman, for petitioners.

No appearance for respondent.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

United Cerebral Palsy (Employer) petitions for review of the March 12, 1993 order of the Workers' Compensation Appeal Board, in which the Board modified Claimant Judith Emph's benefits based on the wage rate of the first job referral which Claimant failed to pursue in good faith, thereby

reversing the Referee's suspension of Claimant's benefits based on the wage rate for a later-referred job which exceeded Claimant's pre-injury wages.

■ The sole issue raised by Employer is whether, under The Pennsylvania Workers' Compensation Act,[1] where a claimant receives numerous job referrals which he or she fails to pursue in good faith, the employer is only entitled to a modification of benefits based on the wage rate of the first-referred job or is also entitled to a modification or suspension of benefits based on the wage rate of a subsequently-referred job paying higher wages.[2]

We conclude that the Board improperly determined that the Referee had erred in suspending Claimant's benefits based on the wage rate of the later-referred job. However, we also conclude that the Referee improperly based his decision on the dates of the job *referrals* without determining whether the jobs were *available* on those dates. Therefore, we vacate and remand.

## Background

The relevant history of this case, as found by the Referee, is summarized as follows. Claimant while working as a resident program trainee for Employer sustained a work-related low back injury on May 13, 1988 for which she began receiving compensation in the amount of $160.07 pursuant to a Notice of Compensation Payable. Following a physical examination on July 6, 1989, Employer's physician released Claimant to return to work.

Beginning on August 19, 1989, Employer sent Claimant referrals to ten suitable jobs within Claimant's physical limitations. Claimant failed to follow up on eight of Employer's referrals. The first referral to which Claimant failed to

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

2. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro),* 132 Pa.Commonwealth Ct. 288, 572 A.2d 843 (1990).

respond was for a telephone sales position at Sears & Roebuck, for twenty to twenty-five hours per week at $5.00 per hour. The second referral was for a clerk/cashier position at Dairy Mart, for twenty-four to forty hours per week at $3.70 per hour. The third was for a hostess position at Valleybrook Country Club, for forty to forty-eight hours per week at $5.00 to $6.00 per hour. Employer then filed a suspension/modification petition, alleging that, as of August 19, 1989, Claimant had sufficiently recovered from her work-related injury to return to gainful employment and that Claimant had failed in good faith to pursue numerous jobs available to her as of that time.

During the course of the hearings before the Referee, Claimant stipulated that she had returned to light-duty work with another employer from September 11, 1990 through March 31, 1991 at wages equal to or greater than her pre-injury wages.

In his December 5, 1991 order, the Referee suspended Claimant's benefits as of August 19, 1989 for her failure to pursue Employer's job referrals in good faith. The Referee based the suspension of Claimant's benefits on the wage rate for the Valleybrook job, the third job referred, which, according to the Referee, offered earnings that exceeded Claimant's pre-injury wages. The Referee also concluded that Employer was entitled to a suspension of benefits for the period of Claimant's light-duty employment from September 11, 1990 through March 31, 1991.

The Board initially affirmed the Referee's order. After a rehearing, however, the Board reversed the suspension of benefits for all but the period of Claimant's light-duty employment. For the remaining time beginning August 19, 1989, the Board ordered only a modification of Claimant's benefits based on the wage rate of the *Sears* job. The Board held that the Referee had erroneously suspended Claimant's benefits based on the wage rate of the *Valleybrook* job, reasoning that *Associated Plumbing v. Workmen's Compensation Appeal Board (Hartzog)*, 126 Pa.Commonwealth Ct. 618, 560 A.2d 865 (1989), requires the Referee to base a modification on the

wage rate of the first suitable job which a claimant does not pursue in good faith.

On appeal to this Court, Employer argues that the Board erred in determining that an Employer is entitled to a modification of benefits based only the wage rate of the first job referral. Employer contends that the humanitarian principals of *Associated Plumbing* do not apply to this case because, unlike the *Associated Plumbing* claimant, who had responded to a majority of the employer's job referrals, Claimant in this case failed to respond to eighty percent of Employer's referrals. Therefore, according to Employer, the Referee properly suspended Claimant's benefits based on the Valleybrook job.

Claimant was precluded from filing a brief before this Court.

## Discussion

■■■■ Under *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), an employer who seeks to modify a claimant's benefits on the basis that the claimant has recovered some or all of his ability must first produce medical evidence of a change in condition. The employer must then produce evidence of a referral to an open job (or jobs), which fits within the occupational category for which the claimant has been given medical clearance. *Id.* The claimant must then demonstrate that he has in good faith followed through on the job referral(s). *Id.*

■■■■ A claimant's failure to pursue in good faith any suitable job referrals entitles the employer to a modification of benefits. *Id.* In our recent opinion of *Castro v. Workmen's Compensation Appeal Board (Albert Einstein Medical Center)*, 166 Pa.Commonwealth Ct. 89, 645 A.2d 1377 (1994), we permitted a modification of the claimant's benefits based on the wage rate of the first available job and permitted a suspension of the claimant's benefits based on a later-available job. As we noted in *Castro*, our holding in *Associated Plumbing* requires that the modification of benefits be *effective* as of the date of the first available job which the claimant did not

pursue in good faith. Again, as we stated in *Castro*, nothing in *Associated Plumbing* prevents a Referee from then suspending the claimant's benefits based on a later-available job, offering wages equal to or greater than the claimant's pre-injury wages.

 The Board, therefore, misconstrued *Associated Plumbing* to limit Employer to a modification based on the first available job alone. The Referee was not precluded from suspending Claimant's benefits based on the Valleybrook job.[3] However, the Referee erred in suspending Claimant's benefits as of the date of the Sears job referral. As noted above, the operative date in a modification of benefits is the date that a job was available to the claimant, which may post-date the date of the job referral. Further, a modification is effective as of the date of the first available job *and* is based on the wage rate of that job. A further modification or suspension of benefits based on the wage rate of a later-available job is not effective until the date that that job was available to the claimant.

Therefore, we vacate the Board's order and remand for findings of fact and conclusions of law consistent with this opinion.

## ORDER

AND NOW, this 12th day of October, 1994, the orders of the Workers' Compensation Appeal Board dated March 12,

---

3. The record shows that the Valleybrook job was a full-time position at forty to forty-eight hours per week, offering wages between five and six dollars per hour, depending on the employee's experience. (R.R. at 163a.) Based on these figures, the Referee determined that the Valleybrook job would have generated an earning power between $160.00 and $240.00 per week. Because the $240.00 per week rate exceeded Claimant's pre-injury wage rate of $177.85 per week, the Referee suspended Claimant's benefits. We find that the Referee appropriately used forty-eight hours in his calculation of Claimant's earning power because Claimant had been medically cleared to perform the Valleybrook job. *Kurtiak v. Workmen's Compensation Appeal Board (Western Sizzlin' Steak House)*, 160 Pa.Commonwealth Ct. 637, 635 A.2d 732 (1993). We question the Referee's apparent assumption that Claimant would have earned six rather than five dollars per hour at Valleybrook, but we note that even at $5.00 per hour, the Valleybrook wages would have exceeded Claimant's pre-injury wages.

1993 at Nos. A92–0091 and A92–0092 are hereby vacated and these matters are remanded to the Workers' Compensation Appeal Board for findings of fact and conclusions of law consistent with this opinion.

Jurisdiction relinquished.

SMITH, Judge, dissenting.

I dissent from the Majority's decision to reverse the Workmen's Compensation Appeal Board's order because it relied upon this Court's decision in *Associated Plumbing & Heating v. Workmen's Compensation Appeal Board (Hartzog)*, 126 Pa.Commonwealth Ct. 618, 560 A.2d 865 (1989), in calculating Claimant's modified benefits.

In *Associated Plumbing,* this Court held that an employer is only entitled to a modification of benefits under the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031, based on the wage rate of the first job referral which a claimant fails to pursue in good faith, and is not entitled to additional modifications based on the wage rate of subsequently referred jobs paying higher wages. *See also Sailman v. Workmen's Compensation Appeal Board (Control Aire Mechanical),* 164 Pa.Commonwealth Ct. 363, 643 A.2d 147 (1994); *Miller v. Workmen's Compensation Appeal Board (Fischbach & Moore),* 160 Pa.Commonwealth Ct. 589, 635 A.2d 709 (1993); *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Allen),* 152 Pa.Commonwealth Ct. 318, 618 A.2d 1224 (1992).

The referee in *Associated Plumbing* found that the claimant applied for seven of the eleven job referrals provided by the employer. The positions for which the referee determined he did not apply included a watchman position paying $5.49 per hour available February 6, 1984, a cashier position paying $3.45 per hour available March 2, 1984, a sales personnel position paying $10,000 to 12,000 per year also available March 2, 1984, and a telephone sales position paying $3.35 per hour available March 26, 1984. This Court held that the "modification of Claimant's benefits must be effective as of the date of

the first job he did not apply for was available," *id.*, 126 Pa.Commonwealth Ct. at 626, 560 A.2d at 869; and determined that the referee incorrectly modified Claimant's benefits based on the watchman position because the evidence established that the claimant had applied for but had not received that position.

The Court next determined that the effective date for calculating the modified benefits was March 2, 1984 when the first job for which the claimant did not apply was available. Because two positions were available on March 2, the claimant's modified benefits were calculated on the basis of the cashier position since it was "generally representative of the type of job referrals Claimant was receiving from the Employer." *Associated Plumbing*, 126 Pa.Commonwealth Ct. at 627, 560 A.2d at 869. The Court did not further reduce the claimant's benefits based upon the higher paying sales personnel job also available on March 2, nor even consider reducing or suspending the claimant's benefits based upon the telephone sales position which became available on March 26, 1984.[1]

In *Roadway Express*, the Court again instructed that "[w]here a claimant has not pursued job referrals in good faith, a modification is effective on the date the first job referral, which fits into the category for which claimant has been given medical clearance, is available." *Id.*, 152 Pa.Commonwealth Ct. at 322, 618 A.2d at 1226. In *Roadway Express* a remand was ordered for the referee to make further findings regarding the claimant's good-faith follow through on jobs referred to him four years prior to the employer's filing of its modification petition. Likewise, in *Miller*, remand was ordered for the referee to properly calculate a claimant's benefits in accordance with *Associated Plumbing*. Neither referee was instructed to also consider reducing or suspending the claimants' benefits based upon the wage rates of subsequently

1. Citing *Krawchuk v. Philadelphia Elec. Co.*, 497 Pa. 115, 439 A.2d 627 (1981), the Court noted that its conclusion was consistent with the humanitarian objectives of the Act and was an attempt to balance the competing interests of an employer and a claimant to reach an equitable result.

available jobs which the claimants failed to pursue in good faith. Thus the holding in *Associated Plumbing,* followed in *Roadway Express* and *Miller,* prohibits a referee from engaging in serial reduction or modification of a claimant's benefits.

Without distinguishing *Associated Plumbing* or making any reference to *Roadway Express* or *Miller,* the Majority simply relies upon *Castro v. Workmen's Compensation Appeal Board (Albert Einstein Medical Ctr.),* 166 Pa.Commonwealth Ct. 89, 645 A.2d 1377 (1994) (J. Smith dissenting), where the Court affirmed a referee's decision to modify the claimant's benefits based on one job for which she failed to apply and suspend the claimant's benefits based upon a later job referral for which she also failed to apply. The Court in *Castro* failed to follow the precedent set forth in *Associated Plumbing* and allowed a serial reduction of the claimant's benefits because she failed to apply for six of the seven positions referred by the employer. The Court further noted in *Castro* that "[a]llowing Claimant to ignore all the jobs referred to her by Employer and only sanctioning Claimant with a modification based on the wage of the first job she ignored would penalize Employer and reward Claimant for her bad faith." *Id.,* 166 Pa.Cmwlth. 114, 645 A.2d at 1381. The *Castro* decision also inaccurately states that "[n]othing in *Associated Plumbing* prevents a referee from modifying a claimant's benefits effective as of the date the first job not applied for was available and then suspending benefits as of the date a later-referred job which paid a wage equal to or greater than a claimant's pre-injury wage became available." *Id.,* 114, 645 A.2d at 1381.

While an employer is entitled to modification of a claimant's benefits when the claimant fails to pursue in good faith any suitable job referral, *Kachinski v. Workmen's Compensation Appeal Board (Vepco Constr. Co.),* 516 Pa. 240, 532 A.2d 374 (1987), neither the Act nor case law provide that referees should apply different methods to calculate modified benefits based upon the number of job referrals which were followed up on by a claimant. Consequently, *Castro* carved out an artificial distinction which is unsupported by any provision in

the Act or well-established precedent by this Court.[2] It is therefore my position, in accordance with established law, that an employer is only entitled to a modification or suspension of benefits based on the wage rate of the first job referral which a claimant fails to pursue in good faith, and an employer is not entitled to further modifications or suspensions based on the wage rate of any additional job referrals which a claimant fails to pursue.

The first referral to which Claimant failed to respond was a Sears & Roebuck telephone sales position which was available August 19, 1989 and which paid $5 per hour for twenty to twenty-five hours per week. Pursuant to *Associated Plumbing,* Employer was entitled to a modification of benefits based upon the wage rate of the Sears & Roebuck job as of August 19, 1989 and is not entitled to a suspension of benefits based on the wage rate of the Valleybrook Country Club job which was not available until September 20, 1989. Accordingly, the order of the Board should be affirmed.

---

2. Additionally, *Castro* failed to provide any guidance as to how many times a claimant must fail to follow up on job referrals before his or her benefits should be serially modified or later suspended, as opposed to following the dictates of *Associated Plumbing.* In the case sub judice, the Majority similarly fails to offer any judicial guidance for determining those circumstances which mandate a serial reduction, or suspension, of benefits, i.e., should the reduction occur when a claimant fails to pursue 50% or more of the job referrals, or is 70, 80 or 90% a more appropriate guidepost? I write this dissent because of a serious concern that the Majority's holding does very little to advance the humanitarian purposes of the Act or to balance the interests of an employer and a claimant.